The UNITED STATES of America and Norman P. Mason, Commissioner, Federal Housing Administration, on behalf of himself and all other stockholders of Jeffrey Garden Apts., Inc., and Jeffrey Garden Apts., Section II, Inc., Plaintiffs,

v.

JEFFREY GARDEN APTS., Inc., and Jeffrey Garden Apts., Section II, Inc., New York corporations doing business at 163–18 Jamaica Avenue, Jamaica, Queens County, New York, New York, and Haskel Hess, Sidney Kessler, Benjamin M. Hess, Rubin Garfinkel and Martin Nutkis, Defendants.

Civ. No. 17691.

United States District Court
E. D. New York.

Nov. 7, 1957.

---

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., Lloyd H. Baker, Brightwaters, N. Y., of counsel, for plaintiffs.

Mishler & Wohl, Long Island City, N. Y., Jacob Mishler, Long Island City, N. Y., of counsel, for defendants Haskel Hess, Sidney Kessler, Benjamin M. Hess, Rubin Garfinkel and Martin Nutkis.

ZAVATT, District Judge.

This action was commenced pursuant to the provisions of the National Housing Act, as amended, 12 U.S.C.A. § 1702 et seq. The plaintiffs are The United States of America and Norman P. Mason, as Commissioner of the Federal Housing Administration. The latter plaintiff sues on behalf of himself and all other stockholders of the defendant corporations. The complaint alleges that all of the individual defendants were stockholders of each of the defendant corporations and that the defendants Haskel Hess, Sidney Kessler and Benjamin M. Hess were directors of each of the defendant corporations at all the times stated in the complaint.

This is a civil action brought by the plaintiffs to recover windfall dividends in the aggregate sum of at least $250,000, which said aggregate sum is alleged to be the excess over construction costs of two mortgage loans—one to each of the corporate defendants—insured by the Federal Housing Administration.

It is clear from a reading of the complaint that each of the mortgage loans is a separate transaction. One commitment was issued by the Federal Housing Administration to one of the corporate defendants on March 29, 1949; one commitment was issued to the other corporate defendant on June 20, 1949; one mortgage loan was obtained by one corporate defendant on January 24, 1950; and one mortgage loan was obtained by the other corporate defendant on October 4, 1950. Since the complaint alleges that each of these mortgage loans was a first mortgage loan, it is apparent that each mortgage loan covers a separate and distinct parcel of real property. During all the times stated in the complaint, the five individual defendants were stockholders of each of the two corporate defendants, and three of the individual defendants were directors and officers of each of the corporate defendants. Nevertheless, the complaint alleges one claim against the two corporate defendants and the five individual defendants. The complaint does not indicate the amount of the mortgage loan obtained by Jeffrey Garden Apts., Inc., or the amount of the illegal distribution of dividends which it is claimed was made by that corporation to the five individual defendants with their knowledge and complicity. Nor does the complaint allege the amount of the mortgage loan obtained by Jeffrey Garden Apts., Section II, Inc., or the amount of the illegal distribution of dividends which it is claimed was made by that corporation to the five individual defendants with their knowledge and complicity.

The five individual defendants have moved, before answer, pursuant to Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order directing the plaintiffs to serve an amended complaint stating separately the claim or claims asserted (1) by the plaintiff The United States of America; (2) by the plaintiff Norman P. Mason, as Commissioner of the Federal Housing Administration; (3) by the plaintiff Norman P. Mason, as a preferred stockholder; against (1) the defendant Jeffrey Garden Apts., Inc.; (2) against Jeffrey Garden Apts., Section II, Inc.; (3) against the three individuals who were directors and officers of each of said corporate defendants; and (4) the claim or claims which each of the plaintiffs has against the individual defendants as recipients of the alleged unlawful distribution made by each of the corporate defendants. In other words, the moving defendants would have plaintiffs allege twelve separate claims. It is their contention that such an amended complaint is essential to a clear presentation of the subject matter of this action.

An examination of the complaint reveals that it sets forth two legal wrongs which are not based on one set of operative facts. The operative facts necessary to show the legal wrong for which a claim for illegal distribution of dividends would lie with reference to the mortgage loan obtained by Jeffrey Garden Apts., Inc., are not adequate to show the legal wrong for which a claim for illegal distribution of dividends would lie with reference to the mortgage loan obtained by Jeffrey Garden Apts., Section II, Inc. The complaint sets forth two claims, each founded upon a separate transaction or occurrence. A clear presentation of the matters set forth in the complaint will result if the plaintiffs are required to state separately their claims against the five individual defendants and Jeffrey Garden Apts., Inc., as one claim, and their claims against the five individual defendants and Jeffrey Garden Apts.,

Section II, Inc., as a separate claim. It is not necessary that each of the plaintiffs shall state separately its or his claim or claims against each corporate defendant, against the five individual defendants as stockholders, or against the three individual defendants as directors and officers of each of the corporate defendants. It will be sufficient if all of the plaintiffs state one separate claim against the five individual defendants and Jeffrey Garden Apts., Inc., and one separate claim against the five individual defendants and the defendant Jeffrey Garden Apts., Section II, Inc.

The motion is granted to the extent herein indicated and is denied to the extent herein indicated. The attorneys for the moving parties will settle an order in compliance with this opinion.