216 F.3d 837 (9th Cir. 2000)
 SERGIO BAUTISTA; MIGUEL RODRIGUEZ; JOSE SOTO; MANUEL FERNANDEZ; ALICE FARNHAM; ALFREDO FIGUEROA; JOSE LUIS ALEJO; MARIO MEJIA; GUADALUPE CEDILLO; HECTOR REYES; MARCOS MARTINEZ; ROBERTO GUTIERREZ; LEOPOLDO CERVANTES; DAVID SALAS; MARCOS ORTEGA; JORGE FLORES; JUAN MAGANA; MARTIN JIMENEZ; JOSE CUEVAS; MIGUEL DE LA TORRE; JORGE DEL VALLE; LIBRADO CRUZ; VICENTE CEDILLO; MANUEL ALVAREZ; GERONIMO LIMON; ROBERTO RODRIGUEZ; RAFAEL ABARCA; SALVADOR RODARTE; JOHN ESCOBAR; RAUL SANDOVAL; ROSENDO OROZCO; ISRAEL PACHECO; MANUEL ROSALES; JORGE ALBERTO ROSALES; MAURO MUNGUIA; CARLOS JIMENEZ; JOAQUIN VILLEGES; BERNARD RUSSELL; RAMON HERNANDEZ; ARNULFO LEON, Plaintiffs-Appellants,
v.
LOS ANGELES COUNTY; MUSIC CENTER OPERATING COMPANY; R.A. MUSIC, INC.; FAMILY RESTAURANTS, Defendants-Appellees.
SERGIO BAUTISTA; MIGUEL RODRIGUEZ; JOSE SOTO; MANUEL FERNANDEZ; ALICE FARNHAM; ALFREDO FIGUEROA; JOSE LUIS ALEJO; MARIO MEJIA; GUADALUPE CEDILLO; HECTOR REYES; MARCOS MARTINEZ; ROBERTO GUTIERREZ; LEOPOLDO CERVANTES; DAVID SALAS; MARCOS ORTEGA; JORGE FLORES; JUAN MAGANA; MARTIN JIMENEZ; JOSE CUEVAS; MIGUEL DE LA TORRE; JORGE DEL VALLE; LIBRADO CRUZ; VICENTE CEDILLO; MANUEL ALVAREZ; GERONIMO LIMON; ROBERTO RODRIGUEZ; RAFAEL ABARCA; SALVADOR RODARTE; JOHN ESCOBAR; RAUL SANDOVAL; ROSENDO OROZCO; ISRAEL PACHECO; MANUEL ROSALES; JORGE ALBERTO ROSALES; MAURO MUNGUIA; CARLOS JIMENEZ;
JOAQUIN VILLEGES; BERNARD RUSSELL; RAMON HERNANDEZ; ARNULFO LEON, Plaintiffs-Appellants-Cross-Appellees,
v.
LOS ANGELES COUNTY; MUSIC CENTER OPERATING COMPANY; R.A. MUSIC, INC., Defendants-Appellees-Cross-Appellants,
and
FAMILY RESTAURANTS, Defendant-Appellee.
 No. 97-56074 No. 97-56341
 U.S. Court of Appeals for the Ninth Circuit
 Argued and Submitted April 5, 2000--Pasadena, California
Filed June 20, 2000
 
 Thomas A. Brill and Federico C. Sayre, Law Offices of Federico C. Sayre, Newport Beach, California, for the plaintiffs-appellants-cross-appellees.
 Mark R. Attwood and Mia D. Farber, Jackson, Lewis, Schnitzler & Krupman, Los Angeles, California, for the defendants-appellees-cross-appellants.
 Appeals from the United States District Court for the Central District of California; J. Spencer Letts, District Judge, Presiding. D.C. No. CV-96-08717-JSL
 Before: Stephen Reinhardt and Diarmuid F. O'Scannlain, Circuit Judges, and William W Schwarzer,* Senior District Judge.
 SCHWARZER, Senior District Judge:
 We must decide whether the district court abused its discretion in dismissing with prejudice plaintiffs' second amended complaint.
 Plaintiffs filed their complaint in state court alleging claims of employment discrimination under California Government Code section 12940 on behalf of fifty-one named individuals. Named as defendants were R.A. Music, Inc., the County of Los Angeles and others no longer parties. Defendants removed pursuant to 28 U.S.C. S 1331, alleging subject matter jurisdiction under 29 U.S.C. S 301 because plaintiffs were covered by a collective bargaining agreement. The nub of the controversy alleged is that in August 1995, defendant R.A. Music took over the operations of Family Restaurants in the Los Angeles Music Center. The complaint alleged thatthe fifty-one named plaintiffs had been employees of Family Restaurants but were denied employment by R.A. Music based upon their race, age and disability though they were qualified for the positions they held with Family Restaurants and had performed their jobs satisfactorily.
 After plaintiffs filed a first amended complaint, defendants moved to dismiss. The district court granted the motion without leave to amend as to all defendants other than R.A. Music. It dismissed the claims against the latter "with leave to amend for any plaintiff who can plead specific facts that would create an individual prima facie claim of age, race, or disability discrimination." Plaintiffs filed a second amended complaint, which the court dismissed with prejudice without explanation.
 The second amended complaint is not substantially different from the earlier complaint. It alleges on behalf of all plaintiffs collectively that they performed their jobs satisfactorily and were each qualified for positions with R.A. Music, that they applied for such positions and that they were denied employment based upon their race, age and disability. It also alleges that after R.A. Music took over, it substantially reduced the percentage of minority workers and increased the percentage of white workers, reduced the percentage of minority workers in higher paid positions, and reduced the percentage of workers over forty years of age. It then alleges three claims for relief. The first claim, on behalf of twenty of the named plaintiffs, alleges that they were over the age of forty and were denied employment by defendant in favor of younger employees. The second claim, on behalf of fifty-one named plaintiffs, alleges that defendant discriminated against them on account of their race, national origin and ancestry by denying them employment while employing less qualified Anglo employees. The third claim, on behalf of three named plaintiffs, alleges that defendant discriminated against them on the basis of their physical disabilities while employing less qualified employees. Plaintiffs pray for compensatory and punitive damages and attorneys' fees.
 SUFFICIENCY OF THE PLEADINGS
 Federal Rule of Civil Procedure 8(a) states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." A claim is the "aggregate of operative facts which give rise to a right enforceable in the courts." Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 133 F.2d 187, 189 (2d Cir. 1943). While the complaint contains stray allegations of discriminatory policies or practices imposed by R.A. Music, what it seeks is individual relief for each of the plaintiffs. Each plaintiff's right to relief therefore depends upon proof of the operative facts giving rise to an enforceable right in favor of that plaintiff. The three claims alleged in the complaint do not meet that test; they are hybrids that qualify neither as class action allegations nor as statements of individual claims. To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case: that he or she is a member of a particular protected class, was qualified and applied for the position he or she sought and was rejected on a prohibited ground.
 Moreover, each plaintiff's claim being founded upon a separate transaction or occurrence, it is properly "stated in a separate count . . . [because] a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b); JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, S 10.03[2][a] (3d ed. 1997). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." MOORE'S, S 10.03[2][a]. Courts have required separate counts where multipleclaims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D S 1324. In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. District Bd. of Trustees, 77 F.3d 364, 367 (11th Cir. 1996); see also Erone Corp. v. Skouras Theatres Corp., 19 F.R.D. 299, 300 (S.D.N.Y. 1956) (Weinfeld, J.) (directing filing of an amended complaint stating the claims of each plaintiff in a separate count, among other reasons because "there may be defenses available to the defendants which are applicable to one or more plaintiffs but not to the others").
 DISMISSAL OF THE ACTION
 Dismissal of the complaint for failure to comply with the rules was therefore within the court's discretion. See Original Ballet Russe, 133 F.2d at 188. Although the rules do not specifically authorize motions to require a separate statement of claims, courts have used their inherent power to issue such orders and have dismissed actions for noncompliance under Rule 41(b). See H.L. Miller Mach. Tools, Inc. v. Acroloc Inc., 679 F. Supp. 823, 828 (C.D. Ill. 1988); Three D Dep'ts, Inc. v. K Mart Corp., 670 F. Supp. 1404, 1409 (N.D. Ill. 1987); United States v. Jeffrey Garden Apts., Inc., 21 F.R.D. 147, 149 (E.D.N.Y. 1957); WRIGHT AND MILLER, S 1324. Whether dismissal with prejudice was proper, however, is another question.
 District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal is a harsh penalty, however, and should therefore be imposed only in extreme circumstances. See id. In determining whether to dismiss a case for failure to comply with a court order, district courts must weigh five factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See id. at 1260-61. While it is not required that the district court make explicit findings to show that it has considered these factors, see id. at 1261, there is no indication in the record that it in fact considered any of them here.
 We may review the record independently to determine whether the district court abused its discretion. See Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). We find on this record no indication of undue delay, docket congestion or risk of prejudice to defendant militating in favor of dismissal or outweighing the policy favoring disposition of cases on their merits. Nor do we find consideration of less drastic alternatives. When it granted plaintiffs leave to file a second amended complaint, the court issued a bare-bones order with only a cursory direction to "plead specific facts that would create an individual prima facie claim of age, race, or disability discrimination." The court made no reference to Rule 8(a) or Rule 10(b), it did not specify what it required in the pleading, and it gave no warning that it would dismiss the next complaint with prejudice if it did not comply. Cf. McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996).
 While plaintiffs' second amended complaint frustrates the aim of the federal rules to bring about the just, speedy and inexpensive resolution of cases, its deficiencies were readily curable with some guidance from the court. The court's sudden-deathresponse was therefore an abuse of discretion.
 REVERSED AND REMANDED.
 
 
 
 Notes:
 
 
 *
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.
 
 
 
 1
 REINHARDT, Circuit Judge, concurring separately:
 
 
 2
 Judge Schwarzer's opinion reaches the correct result: the district court's dismissal with prejudice of the plaintiffs' second amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), was erroneous. Dismissal with prejudice is proper under Rule 12(b)(6) only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). That is not the case here. The complaint set forth proper claims for employment discrimination based on age, race, and disability under the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code 12.900 et seq. In fact, the second amended complaint alleged that each plaintiff was a member of at least one protected class; that plaintiffs duly performed all conditions of their employment agreement at the Music Center until R.A. Music terminated their employment on or about August 13, 1995; that they were all qualified for the positions they held and for which they reapplied; and that similarly situated individuals outside the plaintiffs' protected classes were treated more favorably: i.e., retained or hired at the time of plaintiffs' termination. In my view, the second amended complaint complied with all of the applicable pleading requirements, and the district court erred in dismissing that complaint.
 
 
 3
 Having said that, the principal reason I do not join Judge Schwarzer's opinion is that it addresses procedural matters never before raised in the litigation and expresses views on those matters which I believe to be incorrect. The defendants did not cite Federal Rules of Civil Procedure 8, 10, or 41 in their pleadings. Nor did the district court rely on those rules in its dismissal order. The parties did not even mention them in their briefs to this court. The requirements the rules set forth are not jurisdictional. I must assume, therefore, that Judge Schwarzer discusses these rules not as a basis for a holding, but rather as a general educational guide for future litigants.
 
 
 4
 In fact, I am not certain precisely what guidance the lead opinion means to impart, but whatever that guidance may be, it does not appear to me to reflect the purpose or intent of the Federal Rules. Rule 8(a) requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Particularity is required only for those actions involving averments of fraud or mistake, as listed under Rule 9(b). Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). The federal rules otherwise "do not require a claimant to set out in detail the facts upon which he bases the claim." Conley, 355 U.S. at 47. Indeed, this court has penalized litigants who fail to comply with "Rule 8's requirement of simplicity, directness, and clarity." See McHenry v. Renne, 84 F.3d 1172, 1178-79 (9th Cir. 1996) (affirming dismissal of "prolix" and "confusing" complaint).
 
 
 5
 The lead opinion asserts that because the plaintiffs' complaint seeks "individual relief for each of the plaintiffs" and is not brought as a class action, it must identify "the transaction or occurrence giving rise to the claim and the elements of the prima facie case" for each plaintiff. But the complaint already does this. It alleges that on August 13, 1995, R.A. Music took over the Music Center's food service operations, terminated the plaintiffs' employment, and hired or retained other less qualified workers outside plaintiffs' protected classes. This court has described the term "transaction or occurrence" as referring to "similarity in the factual background of a claim"; claims that "arise out of a systematicpattern of events" arise from the same transaction or occurrence. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); see also Union Paving Co. v. Downer Corp., 276 F.2d 468, 470 (9th Cir. 1960) (claims that have "very definite logical relationship" arise out of same transaction and occurrence). Because each plaintiff in this case claims to have lost his or her employment at the same time due to the same event -R.A. Music's assumption of control over the Music Center's food service operations -their claims arise from the same transaction or occurrence, which the complaint properly relates in a single set of allegations.
 
 
 6
 True, the complaint states the relevant facts at a high level of generality. But that is the point of notice pleading: a plaintiff need only provide the bare outlines of his claim. As one authoritative treatise has summarized the matter,"except when specific pleading is required . . . , evidentiary facts need not be set forth in the complaint: `(F)ederal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims.' " 2 William W. Schwarzer et al., Federal Civil Procedure Before Trial P 8:16, at 8-4 (2000) (quoting Leatherman, 507 U.S. at 168-69). Thus, to the extent that a complaint lacks detail that the defendants believe they need to investigate the claims and prepare their defense strategy, they can obtain such detail readily through interrogatories or early depositions[1].
 
 
 7
 Surely Judge Schwarzer does not intend to say that each plaintiff in a multi-plaintiff action must plead each element of his or her claim in repetitious separate paragraphs. Neither the Federal Rules nor common sense would require that rather than alleging in a single paragraph that the plaintiffs were qualified for the positions in which they sought continued employment, the complaint include a separate allegation for each plaintiff, i.e.:
 
 
 8
 . . . .
 
 
 9
 87. Sergio Bautista was qualified for the posi tion in which he sought continued employment.
 
 
 10
 88. Miguel Rodriguez was also qualified for the position in which he sought continued employment.
 
 
 11
 89. Jose Soto, too, was qualified for . . . .
 
 
 12
 . . . .
 
 
 13
 Far from advancing the interests of clarity and precision, the resulting abundance of repetitious allegations would compound the confusion of courts and parties and frustrate the just, speedy, and inexpensive resolution of cases. See Fed. R. Civ. P. 1. Individual plaintiffs who share particular attributes or experiences relevant to their legal claims should be allowed -indeed, encouraged -to consolidate those attributes or experiences in a single set of allegations.
 
 
 14
 This commonsense approach to pleading finds support not only in Rule 8(a), but also in Rule 10(b). Regarding factual allegations, Rule 10(b) provides that each paragraph should be limited "as far as practicable to a statement of a single set of circumstances." It does not require that separate paragraphs relate the same circumstances for each individual party, thereby causing a multiplicity of paragraphs.
 
 
 15
 As for claims, Rule 10(b) provides: "Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth" (emphasis added). See Original Ballet Russe v. Ballet Theatre, 133 F.2d 187, 189 (2d Cir. 1943) ("Under Rule 10(b) a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation."). As explained above, the three counts in the second amended complaint each correspond to a common transaction or occurrence: the allegedly discriminatory firings of the plaintiffs by R.A. Music in August 1995 on the basis of age, race, and disability. Rule 10(b) does not require multiple plaintiffs whose claims arise from the same transaction or occurrence to state allegations and counts separately. See, e.g., Mathes v. Nugent, 411 F. Supp. 968, 972 (N.D. Ill. 1976); Clark v. Springfield City Water Co., 14 F.R.D. 504, 504 (W.D. Mo. 1953); Trebuhs Realty Co. v. News Syndicate Co., 12 F.R.D. 110, 111 (S.D.N.Y. 1951).
 
 
 16
 Plaintiffs who base their claims on a common legal theory and set of facts are entitled to consolidate their claims in a single count of the complaint. Indeed, the separate statement of seventy-three almost identical counts in this case would only waste paper and increase confusion, not promote the principal objective of pleading under the Federal Rules: "to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 181-82 (1962); Conley, 355 U.S. at 48. Because the section of the lead opinion entitled "Sufficiency of the Pleadings" is advisory only, I do not believe that it establishes a contrary rule that is binding on the courts of this circuit.
 
 
 17
 The holding in this case is only that the district court erred in dismissing the plaintiffs' second amended complaint with prejudice. I concur in that holding. As to the lead opinion's earlier non-binding discussion of the Federal Rules, I would add only that devotion to the Federal Rules is desirable and commendable if they are implemented with some flexibility and understanding. In our zeal to preserve their inviolability, however, sometimes even the best and brightest of us fails to see the forest for the trees. We sometimes overlook the reason for the Rules' existence and examine a complaint with the eyes of a laboratory technician rather than with those of a dispenser of justice.
 
 
 18
 I hasten to add that, in this case, Judge Schwarzer wisely arrives at the proper result in the part of his opinion that does establish circuit law. The district judge's forfeiture of the rights of the civil rights plaintiffs by dismissing their case with prejudice was unreasonable. I believe, however, that the comments in the lead opinion regarding Federal Rules of Civil Procedure 8, 10, and 41 are not only unwarranted but set forth improper guidance regarding the application of those rules.
 
 
 
 Notes:
 
 
 [1]
 Moreover, on those rare occasions where a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the defendant may move for an order requiring a more definite statement by pointing out "the defects complained of and the details desired." Fed. R. Civ. P. 12(e). See 5 Charles A. Wright & Arthur A. Miller, Federal Practice & Procedure: Civil 2d S 1324, at 750 (1990). The district court may also order a more definite statement on its own initiative. Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 907 n.13 (11th Cir. 1996) (citation omitted). Rule 12(e), however, authorizes a district court to strike the complaint under that subsection only in the event that the plaintiff disobeys the court's Rule 12(e) order. No such order was issued here.
 
 
 
 19
 O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:
 
 
 20
 Because of the defects in the second amended complaint, ably analyzed in the majority's opinion, the district court properly dismissed this action after entertaining two previous efforts to fashion a viable complaint. While I concur in the court's opinion to that extent, I specifically reject the notion that the district court must give plaintiffs "some guidance" on how to plead their case and that it is an abuse of discretion when it does not. Majority opinion at 6583. To that extent and as to the judgment, I must respectfully dissent.
 
 
 21
 Plaintiffs are represented by experienced counsel duly admitted to practice in the federal courts. In determining whether the district court abused its discretion, the majority conducts an analysis that presumes district courts must conduct tutorials for the benefit of wayward plaintiffs. The court chastises the district court for issu[ing] a bare-bones order with only a cursory direction to "plead specific facts that would create an individual primafacie claim of age, race, or disability discrimination." The court made no reference to Rule 8(a) or Rule 10(b), [and] it did not specify what it required in the pleading . . . .
 
 
 22
 Id. The majority obviously assumes that its prescribed handholding is the role of the district court and, moreover, any failure to fulfill that role amounts to an abuse of discretion. I fear the court goes too far.
 
 
 23
 When parties fail to plead their claims with sufficient specificity, the district court is under no obligation to redraft the pleadings for them. Cf. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149 (1984) (allowing dismissal without any requirement that the district court rehabilitate deficient pleadings); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure S 1217 (2d ed. 1990) (discussing dismissal under Rule 8 without ever suggesting that the district court has a duty to assist in the revision of pleadings). District courts are in the business of judging, not editing. The majority's directive belies its assumption that the district court knew what the plaintiffs were trying to say and should therefore have "specif[ied] what it required in the pleading." Id. As every law student knows, it is Rule 8 that sets forth the standard for pleadings, not customized orders from district courts. The litigation explosion cannot sustain a world in which plaintiffs can simply toss incomprehensible documents before the district court and have the court do the work of sorting out what should be pled. I believe that advocates retain the burden of -and receive handsome remuneration for -presenting their cases to the courts. With the greatest respect, I cannot join a ruling that district courts have the obligation to educate competent counsel on basic fundamentals, such as what federal rules apply to the filing of complaints.