Tou Panou XIONG; Richard Bill Chansombat, aka Boun Pheng Chansombat, Plaintiffs—Appellants,

v.

FRESNO COUNTY ECONOMIC OPPORTUNITIES COMMISSION; Proteus, Inc; Hmong International New Year, Incorporated; Hmong Youth Foundation; Hmong American Community, Incorporated; Tong Yer Vang; Yeng Chang; Alexander Gee Vang; Charles Vang; Tou Herr; Xia Yang; May Xiong; Maissee Vue; True Chang; Alexander LY; Johnny Lee; Siyee Chang; Leng Chang;

Xiong Mee Chang; Holy Vang; Jenny KHA Vang, aka Mai Xiong; Ngia Lee; Mai Lor Chang; Naoyia Chang; Chue Chang; Linda Vang; Ma Lee; Rebecca X. Vang; Handy Vang; ZA Ying Vang; Boua Neng Chang; KA Vang; Mai Ze Yang, Mai Zea Yang; NHIA Vang; Bill PHA; Sue Vang; Bee H. Vang; Toua Vang; Xai Phia Vang; P. Vang; Song Her; Mai Lee; Kou Vang; Choua Thao; Choua Xiong; Sia Vang; Xu Xiong; See Xiong Alexander H.; Alexander H. Vang; Xiong Ka; Sia Vang; Long Vang; Sao Vang; Bee Pha; Chia Vang; KA Thao; Bouaneng Hang; Vang Mee Chang; John Blanclaire; Maisee Lee; Tony Lor; Rebaca X. Yang; Lee Vang; Chur Chang; Bee Chang, Jr.; Michael Chang; Toua Chang; Sia Yang; Chia Yang; Bill V. Lee; Xa Vang; Jue Vang; Bee Vue; Mai Xiong; Mai See Vang; Kia V.; Mai Xiong Khang; John Blau, Defendants—Appellees.

No. 01–16142.

D.C. No. CV–00–06033–REC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2002.

Decided June 13, 2002.

Before GOODWIN, HAWKINS and FISHER, Circuit Judges.

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## MEMORANDUM*

Tou Panou Xiong and Richard Chansombat appeal the district court's dismissal of their action for conspiracy, discrimination, libel and slander, breach of contract and other claims. Xiong and Chansombat argue that the district court abused its discretion in dismissing the action pursuant to Federal Rule of Civil Procedure 41(b) for their failure to comply with the court's order to respond to several motions to dismiss. We disagree.

We review a district court's Rule 41(b) dismissal for abuse of discretion. *See Bautista v. Los Angeles County,* 216 F.3d 837, 841 (9th Cir.2000). "We will not disturb the trial court's dismissal without a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Yourish v. California Amplifier,* 191 F.3d 983, 989 (9th Cir.1999) (internal quotations and citation omitted).

Rule 41(b) authorizes dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. Proc. 41(b). "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Bautista,* 216 F.3d at 841. In deciding whether to dismiss, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish,* 191 F.3d at 990

(internal quotation marks and citation omitted).

The district court found that the public's interest in expeditious resolution of the litigation was not served because the plaintiffs failed timely to respond to the motions to dismiss and thereby precluded discovery and all other pretrial proceedings. The court noted that its docket is "very extensive and cannot be managed efficiently and expeditiously if parties fail to comply with court orders." The court also found that the risk of prejudice to the defendants weighed in favor of dismissal because the plaintiffs' action caused the defendants to wait unnecessarily "in limbo" and to expend further time and money to monitor the action. The court acknowledged that public policy always favors a resolution of cases on their merits and that this factor weighed in favor of allowing the plaintiffs to have their day in court.

Finally, after considering the imposition of a monetary sanction, the district court concluded that a less drastic sanction than dismissal was not appropriate. In reaching this conclusion, the court noted that it had issued an order specifically warning the plaintiffs that a failure to comply with the terms of the order would result in dismissal of the action. Indeed, the court made this warning to the plaintiffs in two separate orders and still the plaintiffs failed to comply. "[W]arning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Malone v. United States Postal Serv.,* 833 F.2d 128, 133 (9th Cir.1987).

Although dismissal is a harsh penalty, the district court properly weighed the necessary factors before making its deter-

---

mination. The district court did not abuse its discretion in dismissing the action.

AFFIRMED.

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States, Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.