Leon HATCHER, On behalf of himself individually and derivatively on behalf of Newriders, Inc., a Nevada Corporation, and Easyriders, Inc., a Delaware Corporation; Easyriders of Charlotte, Inc., a North Carolina Corporation; Easyriders of Myrtle Beach, Inc., a South Carolina Corporation, Plaintiffs—Appellants,

v.

EASYRIDERS LICENSING, INC., a California Corporation; Teresi, Inc., a California Corporation; Joseph Teresi, an individual; John E. Martin, an individual; William E. Prather, an individual; William R. Nordstrom, an individual; Newriders, Inc., a Nevada Corporation; Action Promotions, Inc., a corporation whose domicile is unknown; Easyriders Franchising, Inc., a California Corporation, Defendants—Appellees.

No. 02–55489.

D.C. No. CV–00–04481–DDP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2003.

Decided June 3, 2003.

Before SCHROEDER, Chief Judge, GRABER, Circuit Judge, and SINGLETON,* District Judge.

## MEMORANDUM **

Leon Hatcher ("Hatcher") and two Easyriders franchises located in Charlotte, North Carolina, and Myrtle Beach, South Carolina (collectively "Plaintiffs")[1] appeal the district court's dismissal of their third amended complaint ("TAC"). The TAC alleges, *inter alia,* federal securities violations and state common law tort and contract claims. The TAC was dismissed with prejudice for failure to comply with a prior court order and for failure to plead in compliance with the Federal Rules of Civil Procedure. Hatcher contends that dismissal with prejudice of his individual tort and contract claims in Part B of the TAC was too harsh a sanction, and that Plaintiffs' claims for fraud and misrepresentation were adequately plead in Part A of the TAC.

The parties are familiar with the underlying facts of this case so only those facts necessary to explain this decision will be set out. The initial complaint filed on April 28, 2000, covered 203 pages and named 21 defendants, with allegations spanning 422 paragraphs. The complaint asserted forty-five causes of action, including claims for federal securities violations, violations of the California Corporate Code, state law contract, tort and fraud claims, RICO violations and conspiracy.

The district court granted a defense motion to dismiss the complaint. The court held that, because the fifty-five page narrative in the complaint vaguely referenced each cause of action without specifying particular Defendants, the complaint violated the requirement of Federal Rule of Civil Procedure 8 that each claim be confined to a short and plain statement. The court also admonished Plaintiffs that the claims for fraud, misrepresentation, and securities fraud must be alleged with particularity pursuant to Federal Rule of Civil Procedure 9. The court noted that it had discretion to dismiss the complaint with prejudice for failure to comply with Rule 8, but nonetheless granted Plaintiffs leave to amend. *See* Fed.R.Civ.P. 41(b).

The first amended complaint ("FAC") is a pared down version of the initial complaint, covering 150–plus pages, naming 19 defendants, and alleging 43 causes of action in 381 paragraphs. Defendants again moved for dismissal, arguing that this version did not clarify the allegations as they relate to the causes of action, or specify which Plaintiffs were making what claims and against which Defendants. Plaintiffs attempted to file a second amended com-

* The Honorable James K. Singleton, District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Initially, the complaint also included Richard Stafford, Newriders, Inc., and Easyriders, Inc. as Plaintiffs. Appellants' opening brief provides that only Hatcher and the two franchise Plaintiffs are appealing the dismissal of the TAC and that claims brought by "various other plaintiffs" have been dismissed or abandoned.

plaint ("SAC") before the motion to dismiss was ripe. The SAC was rejected by the clerk of court because leave to file another amended complaint had not been granted. The court then ordered the parties to meet and discuss the deficiencies of the FAC and denied as moot the motion to dismiss the FAC. The meeting took place and Plaintiffs subsequently filed a new SAC.

The SAC covers 150–plus pages, naming 18 defendants and alleging 43 causes of action over the course of 381 paragraphs. Defendants again moved for dismissal. Plaintiffs opposed the motion, arguing that the SAC was as short and plain as was humanly possible, and that discovery was needed before any more specific allegations could be made. The court granted dismissal of the entire SAC for failure to comply with Rule 8. The court held that although the SAC was an improvement over previous versions it was still too long and disjointed to establish which allegations support which cause of action against which Defendant. The court went on to discuss other deficiencies in the SAC that needed to be remedied in addition to the Rule 8 violations, including an extensive discussion regarding the pleading requirements for the federal securities fraud allegations pursuant to the PSLRA, and how the SAC claims for federal securities fraud fall short. The court also discussed the individual federal securities claims and held that they failed to state a valid claim for relief.

In its order dismissing the SAC, the court set out the deficiencies that must be remedied for the claims to be viable in an amended complaint. The court warned that it *"will* dismiss the plaintiffs' claims with prejudice if their TAC suffers from any of the same deficiencies cited herein." Finally, regarding Hatcher's individual claims against the Defendants, the court ordered that if Hatcher chose to "re-allege his tort and contract-based claims, he should do so in a separate action, which also must be filed within 30 days of this order. The TAC filed in this action should include only allegations and claims pertaining to securities violations." The court further stated in a footnote that it "will accept the low-number transfer of any new action relating to the disputes giving rise to the instant action."

In response to the court order, Plaintiffs filed the TAC in two parts. Part A contains claims pursuant to securities law, California franchise law, and claims for breach of corporate duties, fraud and misrepresentation. Part B contains Hatcher's individual contract and tort claims. Part B refers to Part A for the underlying allegations. Together, Parts A and B of the TAC fill 82 pages, assert 46 causes of action, and span 434 paragraphs.

In the court's order dismissing the TAC, the court quotes its prior order that threatened dismissal with prejudice if any of the same deficiencies persist in the TAC. The court then recapped the particular pleading problems and substantive deficiencies remaining in the TAC and held that the entire TAC was dismissed with prejudice for failure to comply with the court's prior order and for failure to meet the pleading standards of the Federal Rules of Civil Procedure. It is undisputed that Part B of the TAC was dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order requiring that those claims be brought in a separate action. A dismissal pursuant to Rule 41(b) is reviewed for an abuse of discretion. *See Bautista v. L.A. County,* 216 F.3d 837, 841 (9th Cir.2000). When reviewing the district court's determination of whether the party has complied with its previous order "[t]he district judge's evaluation of whether the plaintiff

complied with his order 'is entitled to considerable weight.'" *McHenry v. Renne,* 84 F.3d 1172, 1177 (9th Cir.1996) (citing *Von Poppenheim v. Portland Boxing & Wrestling Comm'n,* 442 F.2d 1047, 1051 (9th Cir.1971)).

Hatcher argues that dismissal with prejudice of his claims in Part B is too harsh a sanction because filing the TAC in two parts rather than two separate actions is merely a technical violation of the court order. Hatcher's argument fails because the order was clear and it was made in an effort to force the Plaintiffs to give some structure to the complaint, identify which claims were against which Defendants, and permit meaningful case management leading to a timely disposition. We conclude that the trial court did not abuse its discretion when it dismissed Hatcher's claims in Part B of the complaint for violation of the court's prior order. Fed.R.Civ.P. 41(b) (authorizing court on motion of defendant to dismiss an action for failure to comply with a prior court order). At oral argument Plaintiffs conceded that if dismissal was proper, Plaintiffs could not complain that further leave to amend was not granted. Given the several opportunities that Appellants were given to prepare and file an intelligible complaint, we accept this concession.

Regarding the grounds for dismissal of Part A of the TAC, Plaintiffs assert that the court dismissed it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for failure to plead fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b). Plaintiffs further assert that the court erred as a matter of law when it determined that these claims were not sufficiently pled. Plaintiffs' argument here fails as well. The court stated in the order dismissing the entire TAC with prejudice that it was doing so because of Plaintiffs' failure to comply with its previous order, as well as Plaintiffs' failure to plead in compliance with the Federal Rules of Civil Procedure.

The securities claims appearing in Part A of the TAC were realleged without correcting the deficiencies the court had pointed out when it dismissed the SAC. Plaintiffs do not appeal the dismissal of these claims. Based on the court's prior order threatening dismissal if any of the same deficiencies were present in the TAC, the court did not abuse its discretion when it held that Part A did not comply with its previous order. Likewise, the court's determination that dismissal with prejudice of the entire TAC was an appropriate sanction for failure to comply with its previous order is not an abuse of discretion in light of the Plaintiffs' four failed attempts to amend the complaint. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (authorizing dismissal of an action, in light of previous delays, where plaintiff's attorney had violated court order scheduling a pretrial conference).

AFFIRMED.

GRABER, Circuit Judge, concurring in part and dissenting in part.

GRABER, Circuit Judge.

I concur in part and dissent in part.

1. As I read the district court's order, the court dismissed only Part B of the Third Amended Complaint for failure to follow the court's prior orders. I agree with the majority that the court did not abuse its discretion in dismissing Part B for that reason.

2. Turning to Part A of the Third Amended Complaint, I disagree with the majority's bottom line on two claims: state common-law claims for fraud and misrepresentation. As to those claims, the district court erred in holding that the Third

Amended Complaint failed to state a claim. The elements of such a claim are adequately pleaded against the individual defendants with respect to pre-merger statements. I therefore dissent to the extent that the majority affirms the dismissal of such state-law claims.

3.   The district court properly analyzed the remainder of Part A of the Third Amended Complaint and permissibly denied another opportunity to amend.