Willette D. JACOBS, Plaintiff—
Appellant,

v.

LANTERMAN DEVELOPMENTAL CENTER, a public entity; California Department of Developmental Services, Defendants—Appellees.

No. 04–57170.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 2006.*

Filed Sept. 18, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Willette D. Jacobs, Atlanta, GA, pro se.

Jennie M. Buckland, Los Angeles, CA, for Defendants–Appellees.

Fed. R.App. P. 34(a)(2).

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Willette D. Jacobs appeals pro se from the district court's order dismissing her action with prejudice as a sanction for her repeated motions to recuse the presiding judge. We affirm.

## DISCUSSION

Jacobs sought recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. The substantive standard for recusal under either statute is the same: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997) (internal quotation omitted). The alleged bias or impartiality must arise, however, from "an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (internal quotation omitted). Applying this standard, we conclude the district court did not abuse its discretion by denying Jacobs' motions for recusal. The court correctly noted that Jacobs sought four times to disqualify the presiding judge based solely on adverse rulings. In such instances, recusal is not required. *See e.g., Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712–13 (9th Cir.1993) (holding that adverse rulings alone are insufficient to demonstrate bias and to compel

recusal); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.1984) (same).

A district court may "dismiss an action for failure to comply with any order of the court." *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992). Nonetheless, because dismissal is a "harsh penalty," we look to various factors to determine whether the dismissal is an abuse of discretion. *See Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir.2000) (listing factors). Here, these factors generally support the court's decision to dismiss Jacobs' action. *See Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir.1999) (affirming dismissal based on three of five factors). Moreover, this is not a case where the court gave no warning of the possibility of dismissal as a sanction. Jacobs was informed of the deficiencies in her motions and warned that filing another deficient motion would result in sanctions. When she ignored that warning, the court issued a show cause order, specifically noting the possibility of dismissal. The court dismissed the action only after Jacobs failed to respond to the court's order. Under these circumstances, we conclude there was no abuse of discretion. *See Ferdik*, 963 F.2d at 1261 (noting district court sufficiently warned pro se litigant by explaining deficiencies in pleadings and stating twice that failure to comply with court's order would result in dismissal).

Finally, we reject Jacobs' contentions that the presiding judge should not have referred the recusal motions to another judge, that the referral judge lacked authority to rule on the motions or to dismiss the action, and that she was not given

---

sufficient time to respond to the show cause order.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.