**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUDY DOE, Nos. 1-9,

Plaintiff-Appellant,

v.

WYNN RESORTS LIMITED; WYNN LAS VEGAS, LLC,

Defendants-Appellees.

No.    20-16551

D.C. No.
2:19-cv-01904-JCM-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 4, 2021
San Francisco, California

Before:  CLIFTON and FRIEDLAND, Circuit Judges, and McSHANE,[**] District Judge.

The plaintiffs (Judy Does) are nine female employees of a resort operated by

defendant Wynn Las Vegas. They allege numerous claims in their First Amended

Complaint that center around allegations of sexual harassment perpetrated by Steve

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

Wynn, former chairman and CEO of defendant Wynn Resorts. The district court held that the plaintiffs failed to plead sufficient facts to support the claims and dismissed the complaint without prejudice and without allowing leave to amend. We affirm in part, reverse in part, and remand to allow plaintiffs to amend their complaint.

"We review *de novo* the district court's dismissal of a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)." *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995). A district court's denial of leave to amend is reviewed for abuse of discretion. *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017).

A complaint must give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Here, the complaint collectively alleges that the Judy Does "saw, surmised, heard about and suspected misconduct by Steve Wynn." It details some of the abuses the Judy Does witnessed or heard about, but it does not specify which plaintiffs, or even how many, witnessed the events or merely heard about them after the fact. And while the Judy Does then allege that each plaintiff "also suffered similar but individualized acts of sexual harassment and personal degradation by Steve Wynn," the complaint provides no further detail about these individualized acts.

The Judy Does contend that public disclosure of these facts is not necessary because the defendant has copies of the charges the Judy Does brought before the Equal Employment Opportunity Commission (EEOC). The Judy Does maintain that in the EEOC charges, "Plaintiffs provided wrenching and detailed accounts of their interactions with Steve Wynn." At no point, however, were these EEOC charges submitted to the district court or incorporated into the complaint.

Any specific examples of sexual harassment that can be found in the complaint do not involve the Judy Does personally or individually. The complaint describes one incident where some Judy Does were present at a birthday party when Steve Wynn joked about sexually harassing an employee and initiated hugs and kisses with employees. The Judy Does do not allege that they were among

those who were touched, hugged, or kissed by Steve Wynn, but rather that they witnessed it or heard about it after the fact.

Similarly, while the Judy Does repeatedly point to the Massachusetts Gaming Commission's investigation into workplace misconduct at Wynn Resorts as evidence, the Judy Does never allege that they were involved in these claims or the investigation.

The Judy Does argue that their use of collective pleading is appropriate given the commonalities between their experiences, but they ultimately seek "individual relief" stemming from "separate transactions[s] or occurrence[s]." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). As in *Bautista*, in which "the complaint contain[ed] stray allegations of discriminatory policies" but ultimately "[sought] individual relief for each of the plaintiffs," *id.* at 840, the Judy Does allege that they each experienced sexual harassment at different times and in different ways. The Judy Does argue that they should not be required to go beyond the pleading standards established in *Twombly* and *Iqbal*, but they have failed to show that they have met these pleading standards.

Similar pleading deficiencies are found in the Judy Does' retaliation, negligent hiring, intentional infliction of emotional distress, and invasion of privacy claims. The complaint summarily states the elements of the claims without facts to support the allegations. "A pleading that offers 'labels and conclusions' or

4

'a formulaic recitation of the elements of a cause of action will not do.' *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement. *Id.* at 557.'" *Iqbal*, 556 U.S. at 678 (brackets in original).

When dismissing the Judy Does' claims, the district court explicitly stated "that the deficiencies in plaintiffs' complaint may be cured." The district court also recommended, in a footnote, "if and when plaintiffs amend their complaint, they attach their right to sue letter." Despite the court's expectation that plaintiffs could and would amend their complaint to address the pleading deficiencies, the court did not grant leave to amend.

"[I]n dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *see also, e.g., Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). While the Judy Does never filed a formal motion for leave to amend, they repeatedly expressed a willingness to provide more information, so long as their privacy could be assured. While the Judy Does had no automatic right to file an amended complaint, the district court still should have granted leave to amend when dismissing claims that could be cured with additional facts.

The district court properly dismissed the Judy Does claims for failing to allege sufficient facts to state a claim. However, because the pleading deficiencies in the Judy Does' complaint could be cured, this case is remanded so that the district court may grant leave to amend. The Judy Does should be permitted to file their amended complaint under fictitious names, at which point the district court should reassess the motion to proceed under fictitious names, carefully applying the Ninth Circuit test as articulated in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) and *Doe v. Kamehameha Schools*, 596 F.3d 1036 (9th Cir. 2010).

**AFFIRMED in part, REVERSED in part, and REMANDED.** Each party to bear its own costs.