**In re OIL SPILL BY the AMOCO CADIZ OFF the COAST OF FRANCE ON MARCH 16, 1978.**

**In the Matter of the COMPLAINT of AMOCO TRANSPORT COMPANY, Standard Oil Company (Indiana), Amoco International Oil Company, and Claude Phillips, for Exoneration from or Limitation of Liability.**

**The REPUBLIC OF FRANCE, Plaintiff,**

**v.**

**STANDARD OIL COMPANY (Indiana) and Amoco International Oil Company, Defendants.**

**CONSEIL GENERAL DES COTES DU NORD, et al., Plaintiffs,**

**v.**

**STANDARD OIL COMPANY (Indiana) et al., Defendants.**

**MDL No. 376, Nos. 78 C 3693, 79 C 2774 and 79 C 2775.**

United States District Court, N. D. Illinois, E. D.

Oct. 17, 1979.

---

See also, 491 F.Supp. 170.

Frank Cicero, Jr., Samuel A. Haubold, Sydney Bosworth McDole, James A. Goold, Lawrence E. Strickling, Kirkland & Ellis, Chicago, Ill., for Amoco Transport Co., Standard Oil Co. (Indiana), Amoco International Oil Co., and Claude Phillips.

Donald M. Haskell, Warren J. Marwedel, Haskell & Perrin, Chicago, Ill., for the Commune of Ploughnerneau, and The Republic of France.

Warren Ingersoll, Lord, Bissell & Brook, Chicago, Ill., for Conseil Gen. Des Cotes Du Nord.

Edwin Longcope, Hill, Betts & Nash, New York City, for The Republic of France.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

Counterclaims and/or third-party claims have been filed in several of the cases consolidated under multidistrict litigation docket number MDL 376. In Amoco Transport Company's limitation action, 78 C 3693, Amoco filed a counterclaim and third-party claim against the Republic of France on November 21, 1978, and against numerous French departments and communes on February 28, 1979.

In case number 79 C 2774, Amoco International Oil Company filed a counterclaim against the Republic of France on July 13, 1979. On July 23, 1979, Amoco International attempted to file the same counterclaim and a third-party claim against the Republic of France. Because the civil docket clerk noticed that the counterclaim had previously been filed, she did not file and docket the combined counterclaim and third-party claim on that date. This administrative contretemps, of course, in no way will affect the court's determination of the motion to dismiss the counterclaims and third-party claims. To remedy the error, the court will grant defendants in 79 C 2774 leave to file an *amended* counterclaim and a third-party claim *nunc pro tunc* July 23, 1979. The pleading proferred on July 23, 1979 to the docket clerk does not serve this purpose because it is not entitled "amended counterclaim and third-party claim".

In case number 78 C 2775, a third-party claim was filed by Amoco International against the Republic of France on July 13, 1979.

In summary, the state of the pleadings in 78 C 3693, 79 C 2774 and 79 C 2775 is as follows:

### 78 C 3693

| | |
|---|---|
| Limitation plaintiff | — Amoco Transport Co. |
| Counter-plaintiff | — Amoco Transport Co. |
| Third-party plaintiff | — Amoco Transport Co. |
| Claimants | — Numerous French communes, departments, organizations and individuals |
| Third-party defendants, counter-defendants | — The Republic of France and numerous political subdivisions |

### 79 C 2774

| | |
|---|---|
| Plaintiffs | — Republic of France, Department of Finistere, numerous communes |
| Counter-defendant | — Republic of France |
| Third-party defendant | — Republic of France |
| Defendants | — Amoco International, Standard Oil (Indiana) |
| Counter-plaintiff | — Amoco International |
| Third-party plaintiff | — Amoco International |

### 79 C 2775

| | |
|---|---|
| Plaintiffs | — Conseil General and numerous communes |
| Defendants | — Standard Oil (Indiana), Amoco International, Amoco Transport, Claude Phillips, Royal Dutch Shell, Shell Industrial Petroleum Co. |
| Third-party plaintiff | — Amoco International |
| Third-party defendant | — Republic of France |

## I A.

The counterclaims and third-party claims have a common factual basis. They seek indemnity and contribution under Rules 13 and 14, Fed.R.Civ.P. The allegations of these pleadings are as follows:

First, the Republic of France negligently failed to establish and to implement an effective and tested oil spill contingency plan. Second, the Republic of France knew by March 17, 1978, that an accident involving an oil tanker created potential for pollution, but took no effective initiatives to prevent such accidents. Although it assumed the responsibility for containment and cleanup, the Republic failed to protect the private parties and public entities suing here. In some instances, it is alleged, France and the other movants failed to take any action whatsoever in discharge of their duties.

Third, the counterclaims state that, when France and the other third-party and counter-defendants did act, they did so negligently. The counterclaims and third-party claims detail with some specificity the acts which are alleged to be the basis of liability between Amoco Transport and France.

Finally, the counterclaims conclude that, once assuming the responsibility or duty to contain and to clean up the oil spill, France discharged the duty in a negligent manner, causing or aggravating damages. The third-party claims conclude that, under Rule 14(c), the Republic of France and the other third-party defendants should be impleaded and compelled to defend directly against the claims filed against the Amoco parties.

## I B.

The Republic of France and the other third-party and counter-defendants have responded by filing a motion to dismiss the counterclaims and the third-party claims. In support, movants state that the "claims" are only defenses to claims and not bases for the imposition of liability. Second, the motion states that the court lacks subject matter jurisdiction over the counterclaims and third-party claims as a result of the immunity conferred by the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 *et seq.*, and because there has been no waiver of such immunity. Third, France, *et al.*, contend that Rule 14(c) is inapplicable because France is already a party to these proceedings and thus cannot be impleaded. Finally, as an affirmative defense, movants contend that the pleadings filed against them fail to state a claim. An additional affirmative defense is based upon the Act of State Doctrine.

## II A.

The first group of arguments for dismissal are addressed to both the counterclaims and the third-party claims. The Republic of France, *et al.*, contend that their alleged failure to mitigate damages and acts which allegedly exacerbated or aggravated damages cannot be the basis of liability. Amoco, however, does not allege merely the failure to mitigate damages. Rather, it claims that counter-defendants and third-

party defendants caused such damages to themselves, Amoco and other claimants. The elements of duty, breach, causation and damage are present. Thus, a cause of action in negligence for indemnification and contribution is stated.

In support of its position, the Republic of France cites *Burgess v. M/V Tamano*, 382 F.Supp. 351 (D.Me.1974), *rev'd on other grounds*, 564 F.2d 964 (1st Cir. 1977). In *Tamano*, the court dismissed a third-party complaint filed by the ship owner against the State of Maine, holding that, absent the allegation of a statutory or other source of duty, the state was not liable in tort for its actions with respect to cleanup operations after an oil spill. However, France fails to cite the full case history of *Tamano*, in which the court held that defendant did allege a duty and state a claim against the United States. 373 F.Supp. 839 (D.Me. 1974), *aff'd*, 559 F.2d 1200 (1st Cir. 1977); *see* ABA Code of Professional Responsibility E.C. 7–23, D.R. 7–102(A)(2), (3); *see also* D.R. 7–106(B)(1).

Contrary to France's representation that the situation regarding the State of Maine in *Tamano* is analogous to this case, that regarding the United States in *Tamano* is without question more analogous, even to the point of congruency and, in fact, supports Amoco's position.

Therefore, in light of the practice in admiralty to adjudicate all claims in one forum and the spirit of the Federal Rules of Civil Procedure permitting liberal joinder of claims and parties, this court finds that the counterclaims and third-party claims state cognizable causes of action for contribution and indemnification.

## II B.

■ Next, the movants argue that a claim for contribution is not mature and cannot be asserted by counterclaim under Rule 13. While it is true that courts have held that, the right to contribution does not mature unless and until one has been compelled to pay damages in excess of his proportionate share under a comparative negligence theory, *Stahl v. Ohio River Co.*, 424

F.2d 52 (3d Cir. 1970); *Goldlawr, Inc. v. Schubert*, 268 F.Supp. 965 (E.D.Pa.1967); *Slavics v. Wood*, 36 F.R.D. 47 (E.D.Pa.1964); the recent trend, and the more pragmatic approach, has been to permit counterclaims for contribution; *Lynch v. Sperry Rand Corp.*, 62 F.R.D. 78 (S.D.N.Y.1973); *Gilbert v. General Electric Company*, 59 F.R.D. 267 (E.D.Va.1973); *Atlantic Aviation Corporation v. Estate of Costas*, 332 F.Supp. 1002 (E.D.N.Y.1971).

"This approach seems sound when [as here] the counterclaim is based on pre-action events and only the right to relief depends upon the outcome of the main action." 6 C. Wright and A. Miller, Federal Practice and Procedure, § 1411 p. 57 (1971) (hereinafter, "Wright and Miller").

■ Therefore, the court finds that the counterclaims state claims which may be asserted presently without waiting until after counterclaimant's liability is fixed.

## II C.

The Republic of France next contends a third-party complaint under Rule 14(c) cannot be filed against a party to the lawsuit.

Initially, the court notes that, in case number 79 C 2775, the "Conseil General" action, the Republic of France was not already a party when Amoco filed its third-party complaint. In a letter to the court, however, counsel for the Republic of France stated:

2. With respect to the Third Party Claim filed by International against Plaintiff Republic of France in the *Conseil General* action:

In Point II of our memorandum, we argue that the provisions of Rule 14 of the Federal Rules of Civil Procedure are not properly invoked with respect to the Third Party Claim of Transport since the Republic of France was a party to the limitation proceeding when said Third Party Claim was interposed. (Memorandum at pp. 12–15). Although Plaintiff Republic of France is technically not a party to the Conseil General action, we submit that, apart from considerations of

sovereign immunity treated in Point III of our brief, since Plaintiff Republic of France *is* a party to the Multi-District Proceedings before this Court, the argument set forth in Point II and the cases cited therein are entirely applicable to International's purported Third Party Claim and that Rule 14(c) may not be invoked against Plaintiff Republic of France because it is already a party to these multidistrict proceedings. Letter from Edwin Longcope, Counsel for the Republic of France, dated July 24, 1979, p. 2.

■ This position is without merit. The argument that a third-party complaint cannot be filed against a party to the action has no application where the proposed third-party defendant was *not* a party to the action. The designation of suits as multidistrict proceedings does not affect the jurisdiction of the court or application of the rules, but merely serves the interests of economy and convenience.

■ A purpose of Rule 14 is to avoid circuity of actions. The rule permits the joinder of individuals who are or may be liable to the third-party plaintiff for all or part of plaintiff's claim. Thus, a claim for contribution or indemnity may be asserted by way of third-party complaint. The question remains, however, whether the third-party claims are proper in 78 C 3693 and 79 C 2774.

Case number 78 C 3693 is a limitation proceeding; as such, the parties are designated plaintiff and claimants. Amoco is attempting by way of Rule 14(c) to interpose the Republic of France and certain other claimants as "defendants" or "limitation plaintiffs" to the claims filed against it.

■ With respect to each individual claim filed in the limitation action, the only "parties" to the claim are Amoco Transport as limitation plaintiff and the individual claimant. No claimant is a "party" to the others' claims. Therefore, France and/or the other named third-party plaintiffs can be impleaded with respect to claims other than their own. To hold otherwise would

be to glorify form over substance and ignore the procedural peculiarities of the limitation action. The court does not deem France's indemnification program to have any effect whatsoever on this issue.

In case number 79 C 2774, the Republic of France is a named plaintiff. However, as in 78 C 3693, each plaintiff asserts liability for different acts and damage. Therefore, it is not implausible to argue that the third-party defendant is not a party to the particular claim for which impleader is sought. *United States v. Nicholas*, 28 F.R.D. 8 (D.Minn.1961).

In summary, given the strong policy in admiralty favoring the adjudication of all claims in one forum and the liberal joinder provisions of the federal rules, this court finds that the third-party complaints are properly filed in these cases and are permissible under Rule 14.

## II D.

The Republic of France and the other movants contend that they are "foreign sovereigns" within the meaning of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602, *et seq.*, and immune to suit in the courts of this country.

The Foreign Sovereign Immunities Act of 1976 (hereinafter, "the Act") sets forth the exclusive standards to be used in determining the existence of sovereign immunity of foreign states. 28 U.S.C. § 1602; H.R.Rep. No. 94–1487, 94th Cong., 2d Sess. 6 (1976), *reprinted in* [1976] U.S.Code Cong. & Admin.News, p. 6604.

Section 1604 of the Act states:

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter. 28 U.S.C. § 1604.

A "foreign state" is defined in § 1603(a) so as to include "a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsec-

tion (b).'' 28 U.S.C. § 1603(a). Thus, all movants have standing to invoke the provisions of the Act.

Section 1605 states in part:

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(1) in which the foreign state has waived its immunity either explicitly or by implication notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver.
28 U.S.C. § 1605.

Amoco maintains that the movants, by invoking the jurisdiction of the courts of the United States to adjudicate claims which arose in France, and which are held by French individuals and entities, have waived the sovereign immunity defense. Movants, on the other hand, argue that in all relevant pleadings filed in the courts of this country, they have invoked and preserved the defense. Moreover, movants argue, the mere filing of a complaint does not constitute a waiver; if it did, then § 1607(b), which establishes the right to counterclaim under certain circumstances, would be mere surplusage.

Because of the complexity of the issues in these cases and the difference in their procedural postures, the court's inquiry must be expanded to view all consolidated cases as an integrated, yet diverse group. This expansive perspective, viewing all of the actions of all of the parties as directed toward a single end result, is wholly consistent with that aspect of II C of this memorandum opinion, which deals with the propriety of the filing of third-party claims and whether France is a party to all consolidated cases. In Part II C, we dealt with a highly technical application of rules of pleading, whereas in this instance we are dealing with much less concrete and restrictive concepts. Here, the court focuses on any activity which justifies a finding of waiver, regardless of whether we are dealing with acts undertaken within the confines of a lawsuit in which these movants are the plaintiffs.

It is not necessary, in other words, that the Republic of France and the communes and departments be parties plaintiff or defendant in the individual case in which the court determines the question of waiver of sovereign immunity. It is in this context that the court's focus broadens so as to view the totality of MDL 376 rather than the cases which comprise its component parts.

Courts sitting in admiralty have long established and implemented the policy of litigating all claims in a single forum. *The Scotland (National Steam Nav. Co.) v. Dyer*, 105 U.S. 24, 26 L.Ed. 1001 (1881); *British Transport Commission v. United States*, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234 (1957). This policy is reflected also in the Limited Liability Act, 46 U.S.C. §§ 181 *et seq. Id.* Moreover, prescinding from cases in admiralty, the federal courts have always encouraged, through the federal rules, the pragmatic practice of joining all parties and claims in a single forum. Rules 13, 14, Fed.R.Civ.P. Similarly, the intended role of the Judicial Panel on Multidistrict Litigation and the consolidation of related cases is to conserve judicial resources and to unify the litigation of similar or related claims. Thus, a result of bringing these procedures and policies to fruition is the avoidance of anomalous situations such as, with respect to the same activity, the finding of a waiver in one lawsuit but not in another.

In the instant case, the claims seek to assert liability based on the same transactions or occurrences (see part II E, *infra* ). The causes of action are similar; the defenses and affirmative defenses are identical; in short, logic and common sense command that like cases be treated similarly and that, if a waiver is found viewing the cases as consolidated, the waiver be applied in each case. To hold otherwise would pervert the policies enumerated above and compound the complexity of these proceedings.

This court finds that the Republic of France and the various departments and

communes have waived any possible sovereign immunity defense in 79 C 2775, albeit the Republic of France is not a party, through its efforts to litigate their claims in the courts of this country. Moreover, the third-party claims filed against the movants in 79 C 2775 are based on the same transactions or occurrences as those of the claims filed by themselves against the Amoco parties. Although the "transactions or occurrences" issue arises under Rule 13 and 28 U.S.C. § 1607, as stated above, federal policy, logic and common sense justify the application of the analysis to this issue. Therefore, for the reasons stated in Part II E, *infra*, and because the finding of an implied waiver serves the ends of justice, this court finds that movants have waived any sovereign immunity defense in 79 C 2775 in particular and MDL 376 in general.

## II E.

The Foreign Sovereign Immunities Act of 1976 provides that a sovereign plaintiff waives the defense of sovereign immunity as to certain counterclaims.

Section 1607 states in pertinent part: In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

\*　　\*　　\*　　\*　　.\*　　\*

(b) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

(c) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state. 28 U.S.C. § 1607.

The intent of subsection (b) is to permit the filing of compulsory counterclaims. H.R.Rep. No. 94–1487, 94th Cong., 2d Sess. 23, *reprinted in* [1976] U.S.Code Cong. & Admin.News at 6622. Rule 13(a), Fed.R. Civ.P., also uses the "transaction or occurrence" calculus to determine the nature and propriety of counterclaims.

The term "transaction or occurrence" has been interpreted liberally to effectuate the policies of the federal rules. *See* 6 Wright & Miller, § 1410. "As a word of flexible meaning, 'transaction' may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. *See Moore v. New York Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926)." *Warshawsky & Co. v. Arcata National Corp.,* 552 F.2d 1257, 1261 (7th Cir. 1977).

There is no question but that all of the events alleged in the various pleadings are logically related. Without making any ultimate findings and intending only to explicate the relatedness of the issues, this court finds that the pleadings justify a tentative view of the alleged facts to be that a defect in the steering mechanism resulted in the loss of the steering capability of the Amoco Cadiz; the latter, coupled with bad weather, the failure of the tug Pacific's efforts and the lack of effort on the part of the Republic of France resulted in the grounding of the vessel; continued problems with towing and other forms of assistance resulted in the ultimate fracture of the vessel's hull; the fracture of the ship's hull resulted in the discharge of oil; the latter and the failure to contain the spill and to conduct effective cleanup operations resulted in damage to the environment.

The issues of fact and law are similar, if not identical. The counterclaims are compulsory in nature. Substantially the same evidence will support or refute claimants' claims as well as the counterclaims and third-party claims. Finally, as shown above, there exists a logical relation between the claims and counterclaims. *See* 6 Wright & Miller, § 1410.

█ Therefore, this court finds that the claims and counterclaims, indeed, the third-party claims also, arise from the same transaction or occurrence within the meaning of 28 U.S.C. § 1607. As a result, the counterclaims *and* third-party claims cannot be defeated on the grounds of sovereign immunity.

## II F.

Finally, § 1607(c) states that counterclaims are permissible to the extent that they do not seek relief exceeding in amount or differing in kind from that of the foreign sovereign.

This subsection could possibly be the basis for the court's finding of "waiver", *i. e.*, to a limited extent, the non-existence of sovereign immunity. The Republic of France has undertaken an indemnification program, the result and full impact of which are as yet unclear. It is possible, however, that as these proceedings progress the claims of individuals, departments and communes will be subsumed under that of the Republic of France. If this occurs, then § 1607(c) comes into play. Amoco, then, would be counterclaiming for the same events and for the same relief as those of the claim of the Republic of France. As stated above, however, § 1607(c) is not the basis of this court's finding of "waiver".

## II G.

The Republic of France maintains that the counterclaims and third-party claims are barred by the act of state doctrine.

The act of state doctrine was judicially established so as to preclude the courts of the United States from questioning the power and sovereignty of foreign states. Almost all cases in which the doctrine is applied involve political acts of the foreign state which should be handled on a diplomatic, not judicial, level. *See e. g. Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1968) (expropriation of property); *Underhill v. Hernandez*, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897) (issuance of passports); *Occidental of Umm Al Qay, Inc. v. Cities Service Oil Co.*, 396 F.Supp. 461 (W.D.La. 1975) (extension of boundaries as to territorial waters) and the cases therein cited.

The acts upon which the counterclaims are based in this case are not political acts, best dealt with through diplomatic channels. In addition, to allow the Republic of France to litigate its claims in this country and to cloak itself with immunity, based on the act of state doctrine, as to counterclaims and third-party claims, would be unjust. *See First National City Bank v. Banco Nacional de Cuba*, 406 U.S. 759, 92 S.Ct. 1808, 32 L.Ed.2d 466 (1972).

A judicially-fashioned doctrine should not be applied to work an injustice, particularly where the application of the doctrine would not serve the interests it was fashioned to protect.

## III.

In its memorandum, but not its motion, the Republic of France argues that this court does not have jurisdiction over 78 C 3693 because that case involves an alien limitation plaintiff and alien claimants. They cite this court's opinions in *Miranda v. TAP*, No. 78 C 2143 (N.D.Ill. Nov. 22, 1978) (order remanding the case), and *Chapalain Compagnie v. Standard Oil Co. (Indiana)*, 467 F.Supp. 181 (N.D.Ill.1978). These cases have no relevance to 78 C 3693.

In the former case, this court dealt with 28 U.S.C. §§ 1330 and 1332. Those jurisdictional sections do not apply in admiralty cases where § 1333 confers exclusive jurisdiction on federal courts.

## IV.

In conclusion, for the foregoing reasons, the motion of claimant Republic of France and certain other French claimants to dismiss counterclaims and third-party claims is denied. Defendants in 79 C 2774 are granted leave to file an amended counterclaim and third-party claim *nunc pro tunc* July 23, 1979.