**In re James F. MALONE, formerly dba Coddington Podiatry Group, Debtor.**

**James F. MALONE, Plaintiff,**

**v.**

**JUDGMENT WACHOVIA SERVICES, INC.; Great Western Savings; U.S. Department of Education, Defendants.**

**UNITED STATES DEPARTMENT OF EDUCATION, Counterclaimant,**

**v.**

**James F. MALONE, Counterdefendant.**

Bankruptcy No. 181–01049–A–7K.

Adv. No. 188–0177.

United States Bankruptcy Court,
E.D. California,
Fresno Division.

June 1, 1990.

Patrick Kavanagh, for plaintiff.

William C. Hahesy, Asst. U.S. Atty., for defendants.

## OPINION

RICHARD T. FORD, Bankruptcy Judge.

This case came before the Court on the Motion for Summary Judgment of the Defendant and Counterclaimant, the United States Department of Education. The Department filed this Motion on September 5, 1989, in response to the Complaint to Determine Dischargeability of Debt [under] Section 523(a)(8) for Permanent Injunction filed by the Plaintiff, James F. Malone, on August 3, 1988, and in support of the Department's counterclaim filed on October 26, 1988.

The Court finds that there are no issues of material fact in dispute. The Plaintiff received several Federal Insured Student Loans (FISLs) totalling $7,500 from the

Great Western Savings and Loan Association in Northridge, California. The Plaintiff used the proceeds of these FISLs to attend California Polytechnic University in San Luis Obispo, California. The Plaintiff also received several FISLs totalling $4,500 from the Knights of Columbus and used the proceeds of these FISLs to attend the California College of Podiatric Medicine in San Francisco, California. The Plaintiff graduated in June 1978. Under the Higher Education Act of 1965 as then in effect and the regulations for the FISL program, the loans become due nine to twelve months after that date. See section 427(a)(2)(B) of the Higher Education Act of 1965, as amended (20 U.S.C. § 1077(a)(2)(B) (1978); 45 C.F.R. 177.12(a)(1)(B)(v) (Oct. 1, 1978). These loans therefore came due no earlier than March 1979.

The Plaintiff defaulted on all of these FISLs, and the lenders, after unsuccessful attempts at collection, filed claims with the Office of Education of the United States Department of Health, Education and Welfare, the predecessor to the Department, for payment on the Federal guarantee. The Department paid the claims, and the Great Western Savings and Loan Association and the Knights of Columbus assigned the FISLs to the Department in January 1981 and March 1981 respectively.

The Plaintiff filed a Petition in Bankruptcy on April 30, 1981, and received a general discharge. Plaintiff did not seek a determination from the Court that repayment of these loans would constitute undue hardship under 11 U.S.C. § 523(a)(8)(B).

The Plaintiff argues in his Complaint that his FISLs were discharged by entry of the general discharge order in his 1981 bankruptcy proceeding. The general discharge under 11 U.S.C. § 727 discharges only dischargeable debts. Whether Plaintiff's FISLs are dischargeable is determined by reference to 11 U.S.C. § 523(a)(8). The loans became due in March 1979, less than five years prior to the filing of the bankruptcy petition in 1981 and are therefore not dischargeable under 11 U.S.C. § 523(a)(8)(A). Plaintiff has never sought

**254**

or received a determination that repayment of the loans would be an undue hardship under 11 U.S.C. § 523(a)(8)(B). Thus, Plaintiff's FISLs were not dischargeable and therefore not affected by the entry of the general discharge order.

■ In his answer to the Department's counterclaim filed on January 13, 1989, the Plaintiff has objected to the Department's counterclaim on the grounds that it is time-barred. Under 28 U.S.C. § 2415(f), the applicable authority governing the assertion of a counterclaim by a Federal agency in litigation, the Department is entitled to an affirmative recovery if its counterclaim arises out of the same transaction or occurrence as the subject of the Plaintiff's claim.

The limited case law addressing § 2415(f) does not elucidate on the meaning of the words "transaction or occurrence." *See e.g., FDIC v. U.S.,* 527 F.Supp. 942 (S.D.W. Va.1981). The legislative history merely restates the words of the statute. *See* Sen. Rep. No. 1328, 89th Cong. 1st Sess. (1966), reprinted at 1966 U.S.Code Cong. & Admin. News at 2502, 2506. However, the similarity between the language of § 2415(f) and Rule 13(a) suggests that the latter, although not necessarily controlling resolution of this issue, offers useful guidance.

The test used in other Bankruptcy Courts in this Circuit for determining whether a counterclaim is compulsory under Rule 13(a) is whether the counterclaim bears a logical relationship to the Plaintiff's claim. *See In re Beugen,* 81 B.R. 994, 996 (Bankr.N.D.Cal.1988); *In re Smith,* 52 B.R. 792, 795 (Bankr.E.D.Cal. 1985). The Ninth Circuit Court of Appeals has not adopted a particular test, but has stated that the term "transaction" in Rule 13 should be construed liberally. *Albright v. Gates,* 362 F.2d 928, 929 (9th Cir.1966).

The Department's and Plaintiff's claims clearly arise from the same transaction: the making of FISLs to the Plaintiff. Plaintiff has admitted the existence of his debt but seeks a determination of the dischargeability of his FISLs and a permanent injunction against further collection actions by the Department. The Department asserts that the FISLs were not discharged in bankruptcy and seeks a judgment to collect this debt. Thus, the Department's counterclaim does indeed bear a logical relationship to the Plaintiff's claim. Accordingly, the Court concludes that the Department's counterclaim does arise out of the same transaction as the Plaintiff's claim and was therefore timely filed under 28 U.S.C. § 2415(f) and supports a recovery on these loans.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment shall be and hereby is entered in favor of the U.S. Department of Education against James F. Malone in the principal amount of $11,299.00, plus pre-judgment interest in the amount of $6,923.40, for a total judgment of $18,222.40, with interest accruing thereon at the legal rate of interest from and after entry of judgment.