**Collie L. BROWN Jr., Plaintiff,**

v.

**WORTHINGTON STEEL, INC., Defendant.**

No. C–2–01–1113.

United States District Court,
S.D. Ohio,
Eastern Division.

Oct. 9, 2002.

12. *See supra* notes 3–4.

Jack Edwin McCormick, McCormick, Silver & Silver, Columbus, OH, for plaintiff.

David A. Campbell, III, Jonathan Michael Norman, Vorys, Sater, Seymour & Pease, Columbus, OH, for defendant.

*Opinion and Order*

SARGUS, District Judge.

Plaintiff Collie L. Brown Jr. brings this action for employment discrimination under Title VII and Ohio Revised Code Chapter 4112.02 against defendant Worthington Industries, Inc. Brown, an African American, alleges that his employer Worthington Steel discriminated against him by promoting and giving preferential job positions to less qualified Caucasian individuals. This matter is before the Court on plaintiff's August 6, 2002 motion for leave to file an amended complaint and for class certification (doc. 22). For the reasons set forth below, plaintiff's motion is DENIED.

## I. Leave to Amend

### A. Standard

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the complaint after a responsive pleading has been filed only by leave of the court, but requires that such leave "be freely granted when justice so requires." Fed.R.Civ.P. 15(a). That standard was construed by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962):

> If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of the allowance of the amendment, futility of amendment, etc.—the leave sought should be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

■■■ Delay alone is not a ground for denying leave to amend. *Dana Corporation v. Blue Cross & Blue Shield Mutual,* 900 F.2d 882, 888 (6th Cir.1990). The party opposing leave to amend must demonstrate significant prejudice. *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir.1999); *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir.1986). The Court determines prejudice considering

whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan,* 30 F.3d 658, 662–63 (6th Cir.1994). The longer the period of unexplained delay, the lesser the burden of demonstrating prejudice. *Id.* Courts have frequently found prejudice where the amendment is made after the discovery deadline has passed, *Duggins,* 195 F.3d at 834 (Amendment sought after discovery and case dispositive motions deadlines had passed and while a motion for summary judgment was pending); *United States v. Midwest Suspension and Brake,* 49 F.3d 1197, 1202 (6th Cir.1995)(Amendment sought one month before trial); *Priddy v. Edelman,* 883 F.2d 438, 446 (6th Cir.1989); *Janikowski v. Bendix Corporation,* 823 F.2d 945, 952 (6th Cir. 1987), or on the eve of trial. *Ferguson v. Neighborhood Housing Services of Cleveland, Inc.,* 780 F.2d 549 (6th Cir.1986). A party who moves to amend late in the lawsuit has "an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Board,* 259 F.3d 452, 459 (6th Cir.2001) (Citation omitted). Nonetheless, even amendments made on the eve of trial are permissible when there is no demonstrable prejudice. *United States v. Wood,* 877 F.2d 453, 456–57 (6th

Cir.1989)(Amendment permitted three weeks before trial). Further, even if there is prejudice, the Court may be able to fashion a remedy, such as assessing the moving party the costs of duplicative discovery, which would permit the amendment. *See, Janikowski,* 823 F.2d at 952; *Moore v. Paducah,* 790 F.2d 557, 562 (6th Cir.1986); *Adkins v. International Union,* 769 F.2d 330, 334 (6th Cir.1985).

■■■ In addition to prejudice, futility may provide a basis for denying leave to amend. The Sixth Circuit has ruled that "[i]t is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir.1980); *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir.1994). A court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous. *See Madison Fund, Inc. v. Denison Mines Ltd.,* 90 F.R.D. 89, 91 (S.D.N.Y.1981); *Key Pharmaceuticals, Inc. v. Lowey,* 54 F.R.D. 447, 449 n. 5 (S.D.N.Y.1972). Normally, the merits of a complaint are best resolved through a motion to dismiss or a motion for summary judgment. *WIXT Television, Inc. v. Meredith Corp.,* 506 F.Supp. 1003, 1010 (N.D.N.Y. 1980). However, if there is no set of facts that could be proven under the amendment would constitute a valid and sufficient claim, leave should be denied. *See Cooper v. American Employers' Ins. Co.,* 296 F.2d 303, 307 (6th Cir.1961).

## B. Plaintiff's Amended Complaint

The amended complaint differs from the original complaint in three important ways. First, the amended complaint adds Douglas E. Thompson as a plaintiff. It alleges that Thompson is a former African–American employee of Worthington Steel, that he did not receive supervisor training, and that less qualified white employees were provided supervisor training.

Second, the amended complaint requests class certification of all African–Americans "who have sought promotion or who have

been denied promotion by the Defendant Employer since the effective date of the [Civil Rights] Act [of 1964]." The amended complaint demands an injunction ordering Worthington Steel to not discriminate in hiring and promotions. It demands that Worthington Steel be ordered to offer members of the class the positions they would have received but for defendant's discriminatory practices. And it further demands compensatory damages for lost wages.

Third, the amended complaint adds as defendants John H. McConnell and John P. McConnell, the founder and CEO respectively of Worthington Steel. It alleges that since the founding of the corporation these two defendants have engaged in racially discriminatory practices in hiring and promotion, and they "personally directed" that less qualified Caucasian individuals be hired and promoted. The practices of the two defendants has allegedly caused a disparate impact on plaintiff and members of the class.

## II. Discussion

### A. Adding Douglas E. Thompson as a Plaintiff

Federal Rule of Civil Procedure 20(a) governs permissive joinder of parties. It states in pertinent part:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Courts liberally permit joinder under Rule 20(a). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ Rule 20(a) imposes two requirements on the joinder of plaintiffs: (1) that the right to relief asserted by each plaintiff arises out of the same transaction or occurrence, and (2) that some question of law or fact common

to all parties will arise in the action. Wright & Miller, Fed. Prac. & Proc., § 1653. The Sixth Circuit has noted that the terms "transaction" and "occurrence" are to be given a broad interpretation. *Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander,* 414 F.2d 143, 147 (6th Cir.1969); *see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency,* 558 F.2d 914 (9th Cir.1977); *Mosley v. The General Motors Corp.,* 497 F.2d 1330 (8th Cir.1974). "The Rule is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Luper v. Capital Conveyor,* 104 B.R. 881, 884 (Bankr.S.D.Ohio 1989). Courts are most inclined to grant joinder when there is overlapping proof and testimony for the claims of the plaintiffs. Wright & Miller, § 1653.

■ Worthington Steel opposes joining Thompson to the lawsuit because it argues that his claims are separate and distinct from Brown's. While Brown claims he was not promoted to "top shipper," Thompson alleges that he was denied an opportunity to be promoted to supervisor. Worthington Steel argues that these allegations relate to separate transactions; that is, the alleged failure to promote Brown was one occurrence, and the alleged failure to promote Thompson was a different occurrence. Worthington Steel contends that there is no allegation that Brown and Thompson had the same supervisor or worked in the same department.

Plaintiff responds that the requirements of Rule 20(a) are satisfied because the amended complaint alleges that Brown and Thompson were denied promotions because of a overall policy or practice by Worthington Steel to not promote African–Americans. Plaintiff maintains that this practice has been in effect since the inception of Worthington Steel in 1959.

The Court finds that joinder of Thompson as a plaintiff is not proper. Plaintiff is correct that Brown and Thompson rely on the same legal theory of failure to promote based on race. However, the allegations of the amended complaint are insufficient to support a conclusion that the right to relief

asserted by each plaintiff arises out of the same transaction or occurrence. The amended complaint does not state the time frame Thompson worked at Worthington Steel, the dates Worthington Steel allegedly failed to promote him, what department he worked in, or position he worked at, or which supervisor(s) denied him the opportunity to advance. Likewise, the amended complaint does not state when Worthington Steel allegedly failed to promote Brown, what department he worked in, what position he worked at—other than the allegation that he eventually received a job as "top shipper," or which supervisor(s) failed to promote him.[1]

In *Smith v. North Am. Rockwell Corp.*, 50 F.R.D. 515 (N.D.Okla.1970), plaintiffs brought suit for race-based employment discrimination. Despite plaintiffs' allegation of company-wide discriminatory practices, the court found that plaintiffs were not properly joined. While the claims of the plaintiffs relied on the same basic theory of law,

> The general notion that there may have been denials of promotion in at least three cases cannot support joinder, where any purported denials of promotion would have been made by different supervisory personnel in different labor union and work environments, with respect to employees performing different types of work.

50 F.R.D. at 522. Further, "litigation of even any purported general policy of defendant ... would inevitably focus in detail on the separate work histories of each plaintiff." *Id.* The advantages of a single trial would be defeated, the court concluded, because each plaintiff's case "would be heard end-to-end, and each party would await the hearing of evidence as to all others." *Id.* at 523. *See also Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446 (N.D.Cal.1975) (denying motion to join plaintiff in discrimination suit because new plaintiff was not in same job situation as were the original plaintiffs); *Weir v. Litton Bionetics, Inc.*, No. H–85–2545, 1986 WL 11608 (D.Md.1986) (severing claims because departments, job positions, and work histories of plaintiffs were different). *Compare Ward v. Johns Hopkins Univ.*, 861 F.Supp.

367 (D.Md.1994) (denying motion for severance because plaintiffs alleged they were harassed by the same individual).

Here, the amended complaint provides no suggestion that Brown and Thompson worked at Worthington Steel during the same time frame, in the same department, at the same job position, or under the same supervisor. Brown alleges that he was not promoted to top shipper, while Thompson alleges that he was denied supervisor training. For purposes of the present motion, plaintiffs' contention that Worthington Steel had a company-wide policy against promoting blacks is not in dispute; however, the amended complaint wholly fails to indicate how, from a factual standpoint, Brown's and Thompson's experiences with that policy were sufficiently similar to make a single trial desirable for the administration of their claims.

## B. Motion for Class Certification

District courts are required to conduct a "rigorous analysis" into whether the prerequisites of Fed.R.Civ.P. 23 are met before certifying a class. *See General Telephone Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). The Court has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Fed.R.Civ.P. 23. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981); *see also Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir.1974). The party seeking class certification bears the burden of proof. *See Cash v. Swifton Land Corp.*, 434 F.2d 569, 571 (6th Cir.1970); *see also In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir.1996).

To meet this burden, plaintiffs must first show that all four of the prerequisites of Fed.R.Civ.P. 23(a) are satisfied. See *American Medical*, 75 F.3d at 1079. These prerequisites are often referred to as the numerosity, commonality, typicality, and adequacy of representation requirements. After showing that these requirements are satisfied, plaintiffs must demonstrate that the action falls

---

**1.** While the amended complaint does not specify when Brown began working at Worthington

Steel, it is clear that he has worked there from at least 1990 through the present.

within at least one of the subcategories of Rule 23(b). *Id.* An action is not maintainable as a class action merely because it is designated as such in the pleadings. *See Cash,* 434 at 571. A mere recitation of the language of Rule 23(a) is not enough. *See Weathers,* 499 F.2d at 1200. Rather, "[t]here must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled." Id.

■ The motion to certify must be denied on a number of grounds. First, the proposed class definition is inadequate. The party moving to certify must sufficiently define the class. *See Reeb v. Ohio Dept. of Rehabilitation,* 203 F.R.D. 315, 319 (S.D.Ohio 2001) (holding that a class is not properly defined when a court "must come to numerous conclusions regarding class membership or must adjudicate the underlying issues on behalf of each class member."). Key elements to defining a class include: "(1) specifying a particular group that was harmed during a particular time frame, in a particular location, in a particular way, and (2) facilitating a court's ability to ascertain its membership in some objective manner." *Reeb,* 203 F.R.D. at 319 (citing *Crosby v. Soc. Sec. Admin.,* 796 F.2d 576, 580 (1st Cir.1986)).

■ Here, the proposed class is "African–Americans who have sought promotion or who have been denied promotion by the Defendant Employer since the effective date of the [Civil Rights] Act [of 1964]." There is no effort to limit the time frame, to specify which plant or facility of Worthington Steel is at issue, or to define a class of employees with respect to the department they worked in, their status as non-exempt or non-supervisory employees, their membership in a union, or the types of promotions for which they applied.

■ Second, plaintiff has not satisfied any of the four Rule 23(a) requirements. The amended complaint does not contain "an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled." *See Weathers,* 499 F.2d at 1200. Plaintiff has provided no estimate of the size of the class. Fed.R.Civ.P. 23(a)(1) (the class be "so numerous that joinder of all members is impracticable"); *see Rex v. Owens,* 585 F.2d 432, 436 (10th Cir.1978) ("[T]he party who asserts the existence of the class ... must produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved.").

■ Rule 23(a)(2) also requires that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Plaintiff attempts to meet the commonality requirement by alleging that Worthington Steel has had a company-wide practice of denying African–Americans opportunities at advancement. Plaintiff alleges that this practice has had a disparate impact on the plaintiff class, so much so that an African–American has never occupied a management or supervisor position at Worthington Steel since its founding in 1959. It is true that allegations of disparate impact upon a minority group which stems from a company-wide policy of discrimination often lend themselves to class actions. *See Bacon v. Honda of America Mfg., Inc.,* 205 F.R.D. 466, 478–79 (S.D.Ohio 2001). Nonetheless, the breadth of the proposed class definition leaves the commonality requirement practically impossible to fulfill. It is difficult to believe that Worthington Steel's practices with respect to promotions have remained unchanged since 1959. Personnel, business practices, and management styles change over time. The factual circumstances of African–Americans who were denied promotions in 1965 will not be common with those of African–Americans who were denied promotions in 2000.

■ Plaintiff has made no attempt to show how his claims are "typical of the claims or defenses of the class." Fed. R.Civ.P. 23(a)(3). The amended complaint alleges that Brown was informed in 1990 that he needed a college degree to obtain a promotion, that he received such a degree in 1996, and that he sought the position of top shipper but less qualified Caucasian individuals were given the job. Typicality exists when the "representative's interests [are] aligned with those of the represented group." *In re American Medical Systems, Inc.,* 75 F.3d 1069, 1082 (6th Cir.1996). Plaintiff has not suggested how his interests are aligned with members of the class who did not have a

college degree, who worked in different departments, or who applied for positions at levels other than top shipper in the company hierarchy.

Rule 23(a)(4) further requires that "the representative parties will fairly and adequately protect the interests of the class." Plaintiff has not made even the barest showing of how he will be an adequate class representative. Without such a showing, certification cannot be granted because a final judgment in a class action is binding on all class members. *See American Medical,* 75 F.3d at 1083 (citing *Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940)). A plaintiff "may not be a class representative if [his] claims are subject to unique defenses that place [him] in a position that is antagonistic to the interests of the class." *Reeb,* 203 F.R.D. at 322 (citing *Levels v. Akzo Nobel Salt, Inc.,* 178 F.R.D. 171, 179 (N.D.Ohio 1998)).

Finally, plaintiff has not satisfied any of the criteria set forth in Rule 23(b). Indeed, plaintiff has not stated under which subsection of Rule 23(b) he seeks certification. The amended complaint demands both injunctive relief and compensatory damages. With no direction from plaintiff, the Court will not chose the subsection for him.[2]

### C. Adding John H. McConnell and John P. McConnell as Defendants

The amended complaint alleges that "Defendants McConnells have, since the founding of the corporation, engaged in unlawful discriminatory practices in both hiring and promotion of personnel at the Defendant corporation." They have "personally directed that persons be hired and/or promoted by the corporation who were not members of the class."

■ Defendant correctly opposes joining the McConnells as defendants on grounds of futility. Under Title VII, individual employees or supervisors are not an "employer" and cannot be held personally liable. *Wathen v.*

*General Elec. Co.,* 115 F.3d 400 (6th Cir. 1997).

■ Ohio law does provide for supervisory liability under O.R.C. Chapter 4112.02. In *Genaro v. Central Transport, Inc.,* 84 Ohio St.3d 293, 703 N.E.2d 782 (1999), the Ohio Supreme Court held that, unlike Title VII, the language of Chapter 4112 extends liability to individual supervisors whose conduct constitutes discrimination. Importantly though, a supervisor can be liable only for his own discriminatory conduct. 84 Ohio St.3d at 300, 703 N.E.2d at 788 ("[I]ndividual supervisors and managers are accountable for *their own discriminatory conduct* occurring in the workplace environment.") (emphasis added). In other words, only the "decision maker" of the adverse employment action is liable. *Jones v. Kilbourne Medical Laboratories,* 162 F.Supp.2d 813, 830 (S.D.Ohio 2000). "*Genaro* cannot be read to impose personal liability on supervisors for the discriminatory acts of their employees." *Hale v. City of Dayton,* No. 18800, 2002 WL 191588, at *3 (Ohio Ct.App. Feb.8, 2002).

■ Here, there is no allegation that the McConnells participated in the decision(s) not to promote plaintiff Brown.[3] Plaintiff does not articulate a specific policy promulgated by the McConnells which adversely affected him. The amended complaint alleges only that Brown directed complaints to John P. McConnell "regarding discrimination on the corporation's shop floor." The fact that McConnell "failed to act upon" Brown's complaints is insufficient to impose liability on him. *See Hale,* 2002 WL 191588, at *3, n. 4 ("Chapter 4112 does not provide a cause of action against supervisors who are, at worst, rude and unsympathetic to employees . . . .").

### III. Conclusion

For the reasons set forth above, the Court DENIES plaintiff's August 6, 2002 motion

---

2. It should be further noted, as defendant points out, that plaintiff has failed to meet the minimum requirements of S.D. Ohio Local Civ. R. 23.2.

3. The amended complaint does allege that defendants personally engaged in discrimination against the class, but, for the reasons stated above, the motion for class certification must be denied.