UNITED STATES ex rel. Charles
ANTHONY et al., Plaintiffs,

v.

BURKE ENGINEERING COMPANY
et al., Defendants.

No. SACV00–1216GLTES.

United States District Court,
C.D. California,
Southern Division.

Feb. 18, 2005.

See, also, 2004 WL 2106621.

Cathy J. Ostiller, Office of U.S. Atty., Civil Division, Los Angeles, CA, for U.S.

Anthony A. De Corso, Beck, De Corso, Daly, Kreindler & Harris, Los Angeles, CA, for Burke Engineering Co.

## ORDER ON SUBJECT MATTER JURISDICTION

TAYLOR, District Judge.

The Court holds, on apparent first impression, "the same transaction or occurrence" jurisdiction requirement of the federal False Claims Act (31 U.S.C. § 3732(b)) is broad enough to include a system or scheme of false claims.

### I. *BACKGROUND*

Plaintiff is a former employee of Defendant Burke Engineering Co., a California corporation that sells heating, air conditioning, and refrigeration controls to government entities and other purchasers.

Plaintiff contends since 1993 Burke Engineering has sold various items to government employees for their personal use, but has improperly claimed payment for the items from government entities. After Burke Engineering fired Plaintiff, he brought this lawsuit for damages and civil penalties under the federal and California False Claims Acts and the Nevada equivalent ("the Acts").

Plaintiff alleges three counts of substantive violations of the Acts (31 U.S.C. § 3729, Cal. Gov't Code § 12651, Nev.Rev. Stat. 357 .040) and three counts of conspiracy to violate the Acts (31 U.S.C. § 3729(a)(3), Cal. Gov't Code § 12651(a)(3), Nev.Rev.Stat. 357.040(c)). Plaintiff also brings three counts of employment discrimination under the Acts (31 U.S.C. § 3730(h), Cal. Gov't Code § 12653, Nev.Rev.Stat. 357.240.2), alleging harassment and termination due to his lawful conduct in furtherance of an action under the Acts.

Plaintiff sues for himself as "relator" under the Acts and for several government entities, which declined to intervene in the action.

Defendants move to dismiss the California and Nevada state causes of action for lack of subject matter jurisdiction.

## II. *DISCUSSION*

■ The plaintiff, as the party seeking to invoke the jurisdiction of the federal court, bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Hagood v. Sonoma County Water Agency,* 81 F.3d 1465, 1472 (9th Cir.1996).

Section 3732(b) of the federal False Claims Act confers jurisdiction in this Court "over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence" as an action brought under the federal Act. 31 U.S.C. § 3732(b) (2000).

Defendants argue this Court does not have subject matter jurisdiction over the state claims because discovery shows no single transaction or occurrence involved both the federal government and a California or Nevada state entity. Plaintiff concedes "there is an overwhelming likelihood that no singular false claim transaction involved payment by both federal and state entities." Plaintiff contends the phrase "the same transaction or occurrence" in § 3732(b) is not limited to a single event, but would include a system or scheme of false claims. The issue before the Court is whether an alleged system or scheme of making false claims to both federal and state entities can be considered "the same transaction or occurrence" for jurisdiction purposes under 31 U.S.C. § 3732(b). The Court concludes it can.

No party has cited, and the Court has not found, case law interpreting the phrase "transaction or occurrence" under § 3732(b). However, consideration of the construction of similar language on other topics is helpful in deciding the better construction here.

Federal Rule of Civil Procedure ("FRCP") 20(a), on permissive joinder of parties, contains the phrase "transaction, occurrence, or series of transactions or occurrences." It is arguable a "transaction" or "occurrence" should be construed as a single event because it was necessary to add "or series of transactions or occurrences" to permit broader application to a series of events. However, this argument is not convincing: if a "transaction" or "occurrence" includes a system or scheme, then the additional language in Rule 20 would refer to a series of systems or schemes.

Plaintiff's contention that Defendants had a company policy of administering false claims would probably be the same

transaction under Rule 20. "[A]llegations of a system of decision-making, or widely-held policy of discrimination, constitute a *single transaction* for Rule 20(a) purposes . . . ." *Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 230 (N.D.Ill.2002) (emphasis added) (internal quotation and citation omitted). *See also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997) (stating a "systematic pattern of events" such as a "pattern or policy of delay" in considering immigration applications would be "the same transaction or occurrence" under FRCP 20(a)); *cf. Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333–34 (8th Cir. 1974) (holding a company-wide policy designed to discriminate on the basis of race was a series of transactions or occurrences under FRCP 20(a)). *But see Brown v. Worthington Steel*, 211 F.R.D. 320, 325

(S.D.Ohio 2002) (finding an alleged policy of race discrimination was not a transaction or occurrence under FRCP 20(a) because the individuals did not work at the company during "the same time frame, in the same department, at the same job position, or under the same supervisor").[1]

Another good comparison is provided by FRCP 13(a), on compulsory counterclaims.[2] That rule states compulsory counterclaims must be brought if they arise out of the "transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a).

The phrase "transaction or occurrence" in FRCP 13(a) is broadly construed. " 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as

---

1. Cases cited by Defendants are distinguishable. In *In re Conners*, which interpreted FRCP 20(a), several plaintiff credit card companies attempted to join in an action against one defendant. 125 B.R. 611, 612 (Bankr. S.D.Cal.1991). The court found plaintiffs' issuance of separate credit cards to defendant through different banks was not the same transaction or occurrence. *Id.* at 614–15. In this case, however, one Plaintiff alleges the same group of Defendants used one system to defraud government entities. The operative facts underlying the alleged transactions, including the parties, are more logically related than those in *In re Conners*.

In *DirecTV v. Loussaert*, the Court held several defendants had not engaged in the same transaction or occurrence when they bought separate devices to intercept DirecTV's satellite transmission. 218 F.R.D. 639, 642 (D.Iowa 2003). The court found separate issues of fact for each defendant, such as whether each defendant intercepted the transmission. *Id.* at 642–43. Here, the same group of Defendants allegedly used the same system to make multiple false claims. There are more overlapping operative facts than in *DIRECTV*, such as how the single system worked and how Defendants used it to make allegedly false claims to government entities. Also unlike *DIRECTV*, here Plaintiff alleges

Defendants had a company policy of making false claims. *DIRECTV* held the defendants did not have a common purpose because they each acted independently for their own individual purposes. *Id.*

2. Other courts have adopted the approach of looking to the FRCP 13(a) standard when case law under the statute at issue does not establish the meaning of "transaction or occurrence." *See, e.g., State Bd. of Equalization v. Harleston (In re Harleston)*, 331 F.3d 699, 702 (9th Cir.2003) (applying the logical relationship test of FRCP 13(a) to interpret the phrase "transaction or occurrence" in 11 U.S.C. § 106); *Schulman v. California (In re Lazar)*, 237 F.3d 967, 979 (9th Cir.2001) (same); *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir.1992) (same); *In re Oil Spill by Amoco Cadiz*, 491 F.Supp. 161, 168 (N.D.Ill.1979) (looking to cases under Rule 13(a) to interpret "transaction or occurrence" in 28 U.S.C. § 1607(b)); *In re Malone*, 115 B.R. 252, 254 (Bankr. E.D.Cal.1990) ("The limited case law addressing [28 U.S.C.] § 2415(f) does not elucidate on the meaning of the words 'transaction or occurrence.' . . . However, the similarity between the language of § 2415(f) and Rule 13(a) suggests that the latter, although not necessarily controlling resolution of this issue, offers useful guidance.").

upon their logical relationship." *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926); *Schulman v. California (In re Lazar)*, 237 F.3d 967, 979 (9th Cir.2001) (same). *See also Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir.1987) (noting federal courts use the "logical relationship" test to determine whether two claims arise out of the same "transaction or occurrence").[3]

The logical relationship test considers " 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.' " *Pochiro*, 827 F.2d at 1249 (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir.1978)).

Here, there is a logical relationship between each alleged false claim made by Defendants. Plaintiff contends Defendants used the same computerized system to manage the scheme of submitting false claims to both federal and state entities. The same set of operative facts—how Defendants administered the system and who administered it—is the basis for each claim. The essential facts of each claim are logically related. Considerations of judicial economy dictate all allegedly false claims administered through the same system be resolved in one lawsuit.

Other authorities, construing "transaction or occurrence" in other contexts, support a liberal construction of the phrase.[4]

---

**3.** Other courts have found a series of events can be a single "transaction or occurrence" under FRCP 13(a). *See, e.g., In re Malone*, 115 B.R. at 254 (holding several student loans made to plaintiff by different lenders was "the same transaction" in the context of debt collection proceedings); *In re Century Brass Prods. ., Inc.*, 58 B.R. 838, 845 (Bankr. D.Conn.1986) (ruling a series of sales of the same type of product between the parties during a ten-month period was a "transaction or occurrence" under FRCP 13(a)).

**4.** In addition to FRCP 13, Rules 14 and 10 also contain the phrase "transaction or occurrence." Cases interpreting Rule 14 have given it a broad construction. *See, Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 146 (6th Cir.1969) ("Rules 13 and 14 are remedial and are construed liberally. Both Rules 13 and 14 are 'intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically.' ") (quoting *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir.1952)); *Blais Constr. Co. v. Hanover Square Assocs.-I*, 733 F.Supp. 149, 152 (N.D.N.Y.1990) (likening the term "transaction" in FRCP 14 to the " 'same general set of facts' " or the " 'same core of facts' ") (quoting *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751–52 (5th Cir.1967)); *cf. Galt G/S v. Hapag–Lloyd AG*, 60 F.3d 1370,

1374–75 (9th Cir.1995) (finding two acts committed by two separate actors at different times were not the same "transaction or occurrence" under FRCP 14); *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir.1988) (ruling two separate parties' sales of the same item were not the same transaction because the "basic facts" underlying each sale were different).

A Ninth Circuit case considered the reach of the "transaction or occurrence" test in relation to Rule 10's pleading requirements. *Bautista v. Los Angeles County*, 216 F.3d 837, 840–41 (9th Cir.2000) (stating fifty-one plaintiffs who sought individual relief based on different types of discrimination had pleaded different transactions or occurrences and should have divided them into separate counts under FRCP 10(b)). *But see id.* at 842–43 (Reinhardt, J., concurring) (asserting the majority's statements on Rule 10 were dicta, and the standard for finding a "transaction or occurrence" is whether there is a logical relationship, a similarity of factual background, or a " 'systematic pattern of events' ") (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997)).

Courts have broadly construed "transaction or occurrence" when the phrase appears in federal statutes. *See, e.g., In re Oil Spill by Amoco Cadiz*, 491 F.Supp. at 168 (considering the logical relationship, similarity between issues of fact and law, and similarity of evidence needed to prove each claim when inter-

## III. DISPOSITION

"The same transaction or occurrence" jurisdiction requirement of 31 U.S.C. § 3732(b) is broad enough to include a system or scheme of false claims.

Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

preting "transaction or occurrence" in 28 U.S.C. § 1607(b)); *Sea–Land Serv., Inc. v. United States*, 204 Ct.Cl. 57, 493 F.2d 1357, 1371 (1974) (applying the logical relationship test to the phrase "transaction or occurrence" in 28 U.S.C. § 2415(f) and concluding two separate contracts were a single transaction because they involved the same objects, were executed on the same day, and incorporated each other by reference).

FRCP 15(c) contains language similar, but not identical, to that in 31 U.S.C. § 3732(b). Rule 15(c) states an amended pleading relates back to the date of the original pleading when the claim arises from the "conduct, transaction, or occurrence" set forth in the original pleading. Courts have construed this language broadly. *See, e.g., Markus v. Gschwend (In Re Markus)*, 313 F.3d 1146, 1150–51 (9th Cir.2002) (stating the test is met "when the claim to be added will likely be proved by the *same kind of evidence* offered in support of the original pleadings" or by a "common evidentiary base") (emphasis added) (internal quotations omitted); *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir.1989) (holding the test under FRCP 15(c) is "whether the original and amended pleadings share a *common core of operative facts* so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question") (emphasis added); *New Bedford Capacitor, Inc. v. Sexton Can Co. (In re New Bedford Capacitor, Inc.)*, 301 B.R. 375, 378–80 (Bankr.D.Mass.2003) (noting " 'an underlying *common scheme* or course of conduct which is the basis of the original action and links otherwise distinct transactions' " meets the conduct, transaction, or occurrence test of FRCP 15(c)) (emphasis added) (quoting *Coan v. O & G Indus.,*

*Inc. (In re Austin Driveway Servs., Inc.)*, 179 B.R. 390, 397 (Bankr.D.Conn.1995)).

Several courts have broadly construed "transaction or occurrence" when it does not appear in a statute or FRCP. *See, e.g., Sims v. United States Dep't of Health & Human Servs. (In re TLC Hosps., Inc.)*, 224 F.3d 1008, 1012–13 (9th Cir.2000) (holding a *continuous system* of payments and adjustments in different years by the Department of Health and Human Services under the Medicare system was, under the logical relationship test, "the same transaction" in a bankruptcy recoupment proceeding); *Clark v. Taylor*, 163 F.2d 940, 942–43 (2d Cir.1947) (stating a "transaction" or "occurrence" is the "subject matter of a claim," the "central core of fact," or the "substantial identity" of the claim); *Arnold v. Bache & Co.*, 377 F.Supp. 66, 67–68 (M.D.Pa. 1973) (finding, with respect to FRCP 54, *systematic* stealing and embezzling from plaintiffs and other members of plaintiffs' class was "a single transaction or occurrence" and arose from "a single aggregate of operative facts") (internal quotation omitted). *But see FDIC v. F.S.S.S.*, 829 F.Supp. 317, 322 (D.Alaska 1993) (ruling three promissory notes between the same parties were not the same transaction or occurrence when they were created approximately ten years apart).

Additional federal statutes and regulations contain the phrase "transaction or occurrence" or similar language, but the cases do not shed light on the meaning of the phrase. *See, e.g.,* 28 U.S.C. § 1330(c) (1993); 28 U.S.C. § 1368 (West Supp.2004); 28 U.S.C. § 3012 (1994); 29 U.S.C. § 1854(f) (1999); 12 C.F.R. § 263.22(a) (2004).